79 N.J. Super. 488 (1963)
192 A.2d 166
MEDIA SERVICES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SHERATON CORPORATION OF AMERICA, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 20, 1963.
Decided June 14, 1963.
*489 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Clyde A. Szuch argued the cause for appellant (Messrs. Pitney, Hardin & Kipp, attorneys; Mr. Alfred I. Manson, Jr., on the brief).
Mr. Elias G. Naame argued the cause for respondent (Mr. Robert H. Davisson, on the brief).
The opinion of the court was delivered by SULLIVAN, J.A.D.
This appeal, on leave granted by this court, is from an interlocutory order of the Chancery Division *490 directing defendant, a New Jersey corporation to produce at trial certain nonresident officers and directors of defendant corporation whom plaintiff intends to call as its witnesses. The order further provides that should defendant fail to comply with the aforesaid terms, "the answer of the defendant and all defenses and its counterclaim shall be suppressed."
The instant suit, which was filed on August 5, 1960 and which seeks rescission and damages based on fraud, arises out of the sale by defendant to plaintiff of all the corporate stock of defendant's wholly owned subsidiary, World Travelers Club, Inc. In essence, the complaint charges that at the time of the sale Travelers, to defendant's knowledge, was hopelessly insolvent, but that defendant, through its officers and directors, represented to plaintiff that Travelers was a going concern, and willfully and deliberately concealed Travelers' insolvency from plaintiff in order to induce plaintiff to purchase the stock of Travelers.
Defendant's answer denied the allegations of fraud, concealment and misrepresentation, set up certain separate defenses, and counterclaimed against plaintiff for money damages on five asserted claims.
As heretofore noted, defendant is a New Jersey corporation. However, its principal office is in Boston, Massachusetts. It owns and operates numerous hotels catering to the general public.
During the pretrial stage plaintiff took the depositions of two of the officers of defendant corporation, namely Ernest Henderson, president and a member of the board of directors, and Robert B. Kelsey, vice-president and comptroller. The taking of the depositions apparently was attended by some difficulties. Plaintiff was unable to secure Mr. Kelsey's appearance at a deposition hearing until a court order was obtained. Then defendant attempted to appeal from said order. The petition for leave to appeal ultimately was dismissed and Mr. Kelsey's deposition taken. Plaintiff charges that in taking Mr. Kelsey's deposition the witness continually attempted to evade answering the questions, or his answers were so ambiguous *491 as to either deceive or mislead the plaintiff and ultimately the court.
Trial of the case was scheduled for September 19, 1962. Prior thereto plaintiff moved for an order directing defendant to produce at trial certain named officers and directors of defendant corporation whom plaintiff charged participated on defendant's behalf in the perpetration of the fraud.
As heretofore noted, the trial court granted plaintiff's motion and imposed sanctions should defendant fail to comply. In its opinion on the motion the trial court after making reference to the "considerable depositions," the "considerable motions made with relation to the taking of the depositions," noted that "there are many reasons why the personal appearance of the persons whose depositions have been taken is much more desirable than a whole record of the deposition before a court. All of our cases when it comes to questions of fact on appeal give the trial courts the benefit of the opportunity to have seen and to judge the manner in which witnesses have testified." The court concluded that it had the right to order defendant to produce its officers and directors at trial.
Defendant challenges the right of the trial court to order a party to the suit to appear at trial as a witness, or to order a corporate party to produce its officers or directors at trial as witnesses. It is defendant's contention that a party to the suit, like any other witness, can only be compelled to attend trial by proper service of a subpoena. 97 C.J.S. Witnesses, § 15, p. 362 (1957). Defendant concedes that R.R. 4:16-1 and R.R. 4:27-2 have been consistently construed as granting to a party the right to take the pretrial deposition of a corporate party's officers and directors without the use of a subpoena, and as permitting the court to impose sanctions upon the corporate party in the event such persons are not made available. Defendant also concedes that the depositions of a corporate party's officers and directors may be used by an adverse party for any purpose, including introduction at trial. R.R. 4:16-4. However, defendant argues that there *492 is no provision in the rules whereby a corporate party can be ordered to produce its officers and directors at trial.
We find defendant's argument to be unpersuasive. It is to be noted that the order herein does not mandate the individual officers and directors to appear. Rather, it is directed to the corporate defendant over whom the court has jurisdiction. It is fundamental to the administration of justice that a court have full jurisdiction over the parties to the suit. This jurisdiction necessarily includes the power to order a party to the suit to appear at trial, or order a corporate party to produce its officers and directors at trial. Cf. Westinghouse Electric Corporation v. Local No. 449, etc., C.I.O., 39 N.J. Super. 438 (Ch. Div. 1956), modified and as modified, affirmed 23 N.J. 170 (1957); N.J.S. 2A:81-6.
Of course, the power should only be exercised for good cause and in such a manner that a party may not be subjected to harassment, oppression or hardship. However, there can be no doubt of the court's inherent power to order a corporate party to produce an officer or director at trial, particularly where the corporate party asserts affirmative defenses and a counterclaim.
It has not been shown that the power has been abused in the instant case. Indeed, defendant does not contend that the order was improvidently entered. The persons whose attendance is sought are charged by plaintiff with being the architects of and participants in the alleged fraudulent scheme. As plaintiff states in its brief, it is important for the trial judge to observe the demeanor and conduct of these persons on the witness stand in order to arrive at proper factual finding as to the fraud alleged.
While the order directing defendant to produce these persons in court is general in its terms, we have no doubt that the details of compliance can be agreed on, so that the orderly operation of defendant's business will not be interfered with by requiring defendant to have all of such persons present in court during the entire trial. Also, any expense to which defendant might be put to produce those persons in court *493 would be the subject of an appropriate motion and order of the court.
Defendant also contends that the sanctions imposed by the trial court, should defendant fail to comply with the order, violate due process. We find it unnecessary to decide this point since we conclude that under the circumstances the trial court should not have imposed sanctions in advance. All that was necessary at the time was to order defendant to produce the officers and directors at trial. There was no basis for concluding that the court's mandate would not be obeyed. Should such situation eventuate, the trial court at that time, after affording defendant an opportunity to be heard as to its reasons for noncompliance, can then determine if sanctions should be imposed.
The order of the trial court is modified to the extent of vacating the imposition of sanctions at this time, and as modified is affirmed. No costs.