LASSER, J.T.C.
Harding Township (taxing district) has moved to dismiss the complaints filed with the Tax Court in the within matters on the ground that taxpayers failed to prosecute appeals before the *367 Morris County Board of Taxation. Since both cases involve the same taxpayers’ attorney, the same defendant, and have similar facts, they have been consolidated for this opinion which is in amplification of the prior ruling of the court. The issue in these cases is whether the Morris County Board of Taxation was justified in dismissing the cases before it for lack of prosecution and, therefore, whether the Tax Court has jurisdiction to hear these cases due to the limitation of N.J.S.A 54:51A-lc(2) which provides:
If the tax court shall determine that the appeal to the county board of taxation has been ... dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review. This provision shall not preclude a review by the tax court in the event that the appeal was “dismissed without prejudice” by the county board of taxation.
The subject properties are a gasoline service station located at Block 32, Lot 9.01 in Harding Township (VSH Realty, Inc.) and a residence located at Block 32, Lot 4 in the same township (Co-nine). For tax year 1994, the subject properties were assessed as follows:
VSH Realty, Inc. Conine
$310,000 Land $321,300
144,500 Improvements 91,500
$454,500 Total $412,800
Taxpayers filed timely petitions with the Morris County Board of Taxation (the board) pursuant to N.J.S.A 54:3-21 and, on May 12, 1994, taxpayers’ attorney appeared before the board on the scheduled hearing date. The procedure in both cases was fundamentally the same: Taxpayers’ ease consisted solely of calling the tax assessor as a witness. This was objected to by the taxing district. Before a ruling was made on this objection, taxing district’s attorney agreed to conduct a direct examination of the assessor in order to give taxpayers’ attorney an opportunity to cross examine to “move things along.” After a limited direct examination in which the assessor testified to the correctness of the assessment, taxpayers’ attorney proceeded to cross examine *368 the tax assessor. No other testimony was presented on behalf of taxpayers. In neither case did taxpayers’ attorney request an adjournment prior to the hearing.
The information elicited by taxpayer’s attorney from the examination of the assessor was different in the two cases. In the Conine case, testimony was elicited from the assessor that the property had sold for $375,000 six months before the valuation date. In the VSH Realty, Inc. case, the tax assessor provided only a description of the property and the assessment. No evidence of the value of the VSH Realty, Inc. property was presented. In both cases, the board dismissed for failure to prosecute based on the board’s determination that no evidence of value was presented.
Taxpayers argue that a county board of taxation may dismiss for failure to prosecute only for non-appearance. To support this, taxpayers cite N.J.A.C. 18:12A-1.9(e), which states, “A petitioner shall be prepared to prove his case by completion [sic] and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss for lack of prosecution.” Taxpayers assert that since the last two sentences are separate, they must be read individually; that is, that dismissal for failure to prosecute is appropriate only when there is a failure to appear.
This is refuted, however, by the board’s Instructions for Preparing Petition of Appeal, which state in Paragraph 9:
In order to determine the taxable value of your property, you must demonstrate what the market value of your property was as of October 1 of the preceding (pretax) year. Thus, petitioner should be prepared to present adequate evidence to support a tax assessment revision as follows ... [detailed instructions regarding appraisals, comparable sales, income producing property and other data follow].
The legislative scheme in New Jersey provides a two-tier process for review of tax assessments that do not exceed $750,000. N.J.S.A 54:3-21 provides that:
A taxpayer feeling aggrieved by the assessed valuation of his property ... may on or before April 1 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer ... may on or before April 1 file a complaint directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.
*369 N.J.S.A 54:3-26 provides that the county board of taxation shall hear and determine all appeals. N.J.S.A 54:51A-lc(2) states that the Tax Court shall not review any judgment of the county tax board if the matter has been “dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board[.]” If the county tax board affirms without prejudice, an appeal is permitted to be heard by the Tax Court.[1]
If the county tax board requires the case to be heard, proof of value or of the incorrectness of the assessment on substantive or procedural grounds is necessary. Lack of prosecution is not limited to non-appearance. The Legislature has not indicated an intention to permit a bypass of the county tax board procedure where the assessment does not exceed $750,000.
Taxpayers’ attorney appeared but presented no evidence of the value of the property in the VSH Realty, Inc. case. He sought to bypass the county tax board procedure by not producing any witness for the taxpayer or offering proof of the value of the property, but by asking questions of the assessor.
Taxpayer’s attorney asserts that there was some evidence presented, i.e., the description of the property and the assessment (conceded by taxpayer to be insufficient for the board to determine the value of the property) in the VHS case and evidence of a recent sale of the subject in Conine. Taxpayers’ attorney argues that this evidence in and of itself should be sufficient to meet the prosecution requirement.
Taxpayers suggest that it may merely state that it is contesting the assessment and the obligation is then on the county tax board to determine whether or not the assessment is correct. Taxpayers rely on Pope v. Red Bank, 19 N.J.Misc. 383, 19 A.2d 208 (St.Bd.Tax App.1940) in support of this proposition. In that case (an appeal of a judgment dismissing a tax appeal for failure to *370 prosecute), the attorney for the taxpayer appeared with a real estate expert. There was testimony before the Board of Tax Appeals that the expert was sworn and testified to the value of the property. Board of Taxation witnesses testified that the expert appeared but was unfamiliar with the property. The Board of Tax Appeals resolved the matter by holding that county tax board appeals hearings were for the protection of the parties and could be waived by the party appellant if the party was content to rest the case before the board upon a petition, containing appellant’s sworn statement as to the true value of the property under appeal, together with such other information as to the property as the county tax board may require. Id. at 386, 19 A.2d 208. This holding was no doubt based on the board’s belief that “[c]ounty tax boards are presumably intimately conversant with local real property valuations,” Ibid., and do not need any additional proof of the property value.
The county tax board procedure has changed since 1940. No longer does the petition provide for a sworn statement of value.[2] The county tax board instructions require proof at the scheduled hearing of the market value of the property as of the assessing date. The reasoning of the Board of Tax Appeals in Pope v. Bed Bank is not applicable because of the passage of time and changes in the economy and rules of procedure. More than 50 years ago there was a greater stability in real property values. In recent years, the county tax board, acting in its quasi-judicial function, has been called upon to make determinations of the value of property, not based solely on its own analysis and appraisal, but based on the testimony presented at the hearing before it. The county tax board offers an opportunity for a convenient and speedy determination of a taxpayer’s contest of its assessment. It hears and disposes of many cases, thus relieving the Tax Court of what would otherwise be a very substantial burden of cases. This two-tier procedure can be effective only if cases involving assess *371 ments of $750,000 or less, as are the subject cases, are heard in a meaningful manner by the county tax board.
The purpose of the quasi-judicial function of the county tax board is to assess the correctness of the valuation. In order to do this, an appellant must provide some proof of value. Description of the property and the assessment without any evidence of value is not prosecution of the case. The Morris County Board of Taxation was, therefore, justified in dismissing the VSH Realty, Inc. case for lack of prosecution and the Tax Court is barred by N.J.S.A. 54:51A-lc from hearing the valuation case on appeal.
In the Conine case, taxpayer was able to elicit some information concerning the value of the property, ie., the recent sale price of the property. The Morris County Board erred in dismissing the Conine case for lack of prosecution, as there was evidence of value presented by taxpayer upon which the board could rule.
Taxing district’s motion to dismiss the VSH Realty, Inc. complaint is granted. The dismissal by the county tax board for lack of prosecution in the Conine case was not justified. Taxing district’s motion to dismiss the Conine case is denied.

 This court is informed that the Morris County Tax Board does affirm without prejudice if a prior year is pending before the Tax Court. No prior years were pending before the Tax Court for the subject properties.

 The petition of appeal to the county tax board requires the petitioner to state the “requested assessment"