KUSKIN, J.T.C.
Plaintiff filed a timely Petition of Appeal with the Morris County Board of Taxation (“County Board”) contesting a 1994 local property tax assessment. Prior to the scheduled hearing date before the County Board, plaintiffs attorney requested an adjournment, which was denied. He then requested that the assessment under appeal be affirmed without prejudice. This request was also denied. When plaintiffs attorney failed to appear at the hearing, the County Board dismissed the appeal for lack of prosecution pursuant to N.J.A.C. 18:12A-1.9(e) which provides:
A petitioner shall be prepared to prove his ease by completion [sic] and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.
Based upon such dismissal, defendant now moves, pursuant to N.J.S.A. 54:51A-1c(2), to dismiss plaintiffs appeal to the Tax Court. This statute provides in relevant part: “If the tax court shall determine that the appeal to the county board of taxation has been ... (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ..., there shall be no review.”
Plaintiffs appeal was scheduled for hearing before the County Board on May 16,1994. By April 6,1994 plaintiff had retained an appraiser in connection with the appeal. On April 29, 1994, *154 plaintiffs attorney advised the appraiser of the May 16 hearing date, and the appraiser’s response was that he could not complete an appraisal in time for the hearing. As a result, on April 29,1994 plaintiffs attorney wrote to the County Board as follows: “I respectfully request an adjournment of the two tax appeals captioned above [(the subject appeal and an appeal scheduled for hearing on May 11, 1994) ]. My appraiser is unable to complete full appraisals for these properties. I ask that we be given a 30 day extension.” This request was denied on or before May 9, 1994. On that date, plaintiffs attorney wrote to the County Board with respect to both such appeals as follows: “I acknowledge your notice of refusal of the requested adjournment of the hearing. Please affirm the above captioned appeals without prejudice.” This request for an affirmance without prejudice was the equivalent of a request that the appeals be “dismissed without prejudice,” the procedure specifically contemplated by the last sentence of N.J.S.A. 54:51A-1c.
On May 11,1994, plaintiffs attorney appeared before the County Board in connection with the appeal then scheduled for hearing and requested an adjournment of such hearing and an adjournment of the May 16 hearing of the subject appeal. The County Board denied his requests and, in the words of the attorney, he “was emphatically informed that no adjournment or affirmances of any kind would be granted on either appeal.” Nevertheless, on May 16, 1994 neither the attorney nor any other representative of plaintiff appeared before the County Board. For an entity such as plaintiff, N.J.A.C. 18:12A-1.9(d) requires an appearance by an attorney. Plaintiffs attorney has provided no explanation for his failure to appear. Plaintiffs appraiser explained such non-appearance as follows: “I assumed that [the May 9, 1994 request for affirmance without prejudice] would be granted as it is the normal procedure of County Boards throughout the State.” Because of such non-appearance, the County Board granted the municipality’s motion to dismiss for lack of prosecution and issued its judgment of dismissal dated May 16, 1994. Plaintiff then filed a timely appeal with the Tax Court.
*155 The defendant’s motion to dismiss the Tax Court appeal had an original hearing date of January 20, 1995. The motion was adjourned because of the pendency in the Appellate Division of an appeal from the Tax Court decision in VSH Realty, Inc. v. Harding Tp., 14 N.J.Tax 379 (1994). On June 18, 1996 the Appellate Division decided such appeal. VSH Realty Inc. v. Harding Tp., 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996). The defendant’s motion was then rescheduled.
In VSH Realty, supra, 291 N.J.Super. 295, 677 A.2d 274, the Appellate Division reversed the Tax Court’s dismissal of an appeal under N.J.S.A. 54:51A-1c(2) where the attorney for the taxpayer appeared at the scheduled county board of taxation hearing and presented, as the only evidence in support of the appeal, the testimony of the municipal tax assessor. The Appellate Division summarized such testimony as follows:
The assessor testified as to the physical characteristics of the property and his evaluation process which utilized a cost approach. On cross-examination, he provided information that the Township’s average ratio of assessed value to true value was 73.79%, indicating an equalized value of the property of $615,937 or $374 per square foot of building with land included. The assessor admitted that he knew of no commercial sales in the Township for more than $200 per square foot. However, counsel conceded before the Tax Judge that this evidence was not sufficient to sustain the taxpayer’s appeal.
[Id. at 298, 677 A.2d 274.]
The Appellate Division then held that, under N.J.A.C. 18:12A-1.9(e) and N.J.S.A. 54:51A-1c(2), a dismissal by a county board of taxation will preclude a de novo hearing in the Tax Court only if such dismissal is based on a failure to appear, an appearance which is a “sham” or a failure to present any evidence. 291 N.J.Super. at 301-02, 677 A.2d 274. The Tax Court dismissal was improper because there was an appearance by the plaintiff, such appearance was not a sham, and the testimony by the assessor sufficed to remove the appeal from the “no evidence” category of cases. Id. at 302, 677 A.2d 274.
Under the VSH Realty standard, the County Board’s dismissal of plaintiffs appeal was warranted unless the communications by plaintiffs attorney with the County Board mitigated the impact and significance of his failure to appear on May 16, 1994. In *156 Pipquarryco, Inc. v. Hamburg Bor., 15 N.J.Tax 413 (1996), the Tax Court reviewed a county board dismissal for failure to prosecute where (i) the taxpayer submitted its appraisal to the county board and the municipal attorney on the day before the scheduled first hearing date, (ii) the taxpayer’s attorney and appraiser appeared before the county board on such date, and (iii) the attorney requested an adjournment so that both the taxpayer and the municipality could prepare properly for the hearing. The county board denied the request for adjournment and granted the municipality’s motion to dismiss for lack of prosecution under N.J.A.C. 18:12A-1.9(e). The Tax Court held that such dismissal was improper and denied a motion to dismiss the Tax Court appeal under N.J.S.A. 54:51A-1c(2). In so doing, the court noted:
Where, on or before the scheduled hearing date, a taxpayer communicates to the county board the taxpayer’s desire to prosecute an appeal and provides reasonable indicia that the taxpayer will, on a later date, be prepared to proceed in a “meaningful manner”, the taxpayer’s conduct should not be regarded as either “deliberate” or “contemptuous”, and the county board should not dismiss the appeal for failure to prosecute.
[15 N.J.Tax at 418-19.]
The conduct of plaintiff herein, through its attorney, does not satisfy the standard articulated in Pipquarryco for denial of motions to dismiss. Five days before the scheduled first hearing date the attorney was advised by the County Board that the hearing would not be adjourned and that an affirmance without prejudice would not be granted. With this background, the attorney could not simply ignore the scheduled hearing. He was obligated to appear before the County Board on the hearing date and take appropriate action to protect his client’s rights, even if his appraisal was not completed and his appraiser was not prepared to testify. One such action would have been to present “some evidence” within the minimal standard established by the Appellate Division in VSH Realty, supra, and Ganifas Trust v. City of Wildwood, 15 N.J.Tax 722, 726-27 (App.Div.1996) (stating that N.J.S.A. 54:3-22 “envisions the presentation by the taxpayer of some proofs as to true value in order to overcome the presumption that current assessments are valid,” and that a taxpayer who *157 presents “nothing more than legal argument” will not avoid dismissal for failure to prosecute).
As stated in Pipquarryco: “In reviewing the determination of a county board of taxation [that the taxpayer’s conduct warranted a dismissal for failure to prosecute], the Tax Court must take into account the facts available to the county board at the time of its ruling.” 15 N.J.Tax at 418. The facts available to the County Board on May 16, 1994 with respect to plaintiffs appeal were: 1) the April 29, 1994 letter from plaintiffs attorney requesting a thirty-day adjournment; 2) the May 9, 1994 letter from plaintiffs attorney acknowledging a denial of his request for adjournment and requesting an affirmance without prejudice; 3) the Board’s knowledge that it had already advised plaintiffs attorney that his request for affirmance without prejudice would not be granted; and 4) the attorney’s unexplained failure to appear. The assumption by plaintiffs appraiser that the request for affirmance would be granted was not before the Board and was, in any event, without significance or relevance. Under these circumstances the County Board’s dismissal for lack of prosecution was warranted.
Defendant’s motion to dismiss is granted. Judgment will be entered accordingly.