KUSKIN, J.T.C.
Plaintiff filed appeals with the Morris County Board of Taxation contesting the 1998 assessments on twenty properties in Jefferson Township. On the scheduled hearing date, May 5,1998, plaintiffs counsel appeared before the county board, but was not prepared to present testimony because of the unavailability of a witness. After the county board denied his request for adjournment, he attempted to call the Township Assessor as a witness. The county board refused to permit such testimony. The board then granted the Township’s motion for dismissal of the appeals, and entered Judgments under Judgment Code 5B — “No evidence provided (lack of prosecution).” Plaintiff appealed to the Tax Court, and the Township, relying on the County Board’s dismissal for lack of prosecution, moved to dismiss the appeals under N.J.S.A. 54:51A-1(c)(2). This statute provides, in relevant part:
If the tax court shall determine that the appeal to the county board of taxation has been ... (2) dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board, ... there shall be no review.
I denied the Township’s motion in an oral decision. This opinion amplifies that decision.
In considering a motion to dismiss under N.J.S.A. 54:51 A-l (c)(2), the Tax Court has the authority to determine whether the county board’s dismissal for lack of prosecution was warranted. Veeder v. Berkeley Tp., 109 N.J.Super. 540, 546, 264 A.2d 91 (App.Div.1970); Pipquarryco, Inc. v. Hamburg Bor., 15 N.J.Tax 413, 416 (Tax 1996). The legal standard to be applied in making such determination is that a motion to dismiss should be granted only in the most egregious circumstances. In VSH Beatty, Inc. v. Harding Tp., 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996), the Appellate Division stated: “The third observation that we make is that a narrow scope of what may form a basis for a dismissal for lack of prosecution is entirely consistent with our view that dismissals of actions in general is a drastic remedy. Normally, such dismissals should not be invoked in the absence of *586 prejudice and unless the plaintiffs behavior is deliberate and contumacious.” Id. at 300, 677 A.2d 274 (citations omitted). See also Veeder v. Berkeley Tp., supra, 109 N.J.Super. at 546, 264 A.2d 91.
In VSH, the municipality, by agreement with counsel for the taxpayer, called the assessor as a witness before the county board of taxation, and the board permitted the taxpayer’s counsel to cross-examine the assessor. Such cross-examination elicited no proofs sufficient to justify a reduction in the assessment. The county board dismissed the appeal for lack of prosecution, and the Tax Court granted a motion to dismiss pursuant to N.J.S.A. 54:51A-1 (c)(2). VSH Realty, Inc. v. Harding Tp., 14 N.J.Tax 379 (Tax 1994), rev’d, 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996). The Appellate Division, in reversing the Tax Court, recognized the assessor’s testimony as sufficient to preclude a dismissal for failure to prosecute.
[T]his is not a situation where counsel’s appearance was [a] sham. As he points out in the appellant’s brief, when he called the tax assessor or attempted to do so:
[I]t [was not] a foregone conclusion that the taxpayer could not elicit an opinion of value from the assessor. The assessor is presumed to be an expert familiar with real estate values in his community. Thus, taxpayer’s attorney had every reason to be surprised that the assessor had no idea what the subject property was worth.
VSH Realty, Inc. v. Harding Tp., supra, 291 N.J.Super. at 302, 677 A.2d 274.]
The court then quoted from Glen Wall Assocs. v. Wall Tp., 99 N.J. 265, 284, 491 A.2d 1247 (1985), the admonition that, “[i]n this day of rising litigation expenses, it is important for the courts to adopt reasonable limits on what is to be expected of a litigant in presenting his case through the use of an expert.”
Two Tax Court cases are relevant to defendant’s motion. One is Pipquarryco Inc. v. Hamburg Bor., supra, 15 N.J.Tax 413, where the Tax Court stated as follows:
Dismissal of an appeal by a county board for failure to prosecute will, if sustained by the Tax Court, terminate, without a hearing, a taxpayer’s right to appeal for the tax year in question. Such a dismissal should, therefore, be circumscribed by the same obligations to "administer justice” as are applicable to the Tax Court, and all doubts should be resolved against dismissal.
*587 Where, on or before the scheduled hearing date, a taxpayer communicates to the county board the taxpayer’s desire to prosecute an appeal and provides reasonable indicia that the taxpayer will, on a later date, be prepared to proceed in a “meaningful manner”, the taxpayer’s conduct should not be regarded as either “deliberate” or “contemptuous”, and the county board should not dismiss the appeal for failure to prosecute.
[Id at 418-19.]
In ARP Realty Assocs. v. Washington Bor., 16 N.J.Tax, 281 (Tax 1997), the attorney for the taxpayer appeared before the county board on the scheduled hearing date, having previously engaged an appraiser. The attorney advised the board that the appraisal report for the appeal had not been completed, and requested a short adjournment or a dismissal of the appeal without prejudice. The county board denied these requests, and granted a motion to dismiss for lack of prosecution. The Tax Court held that such dismissal was improper, noting the language in VSH characterizing dismissal as a drastic remedy to be invoked only when the plaintiffs behavior is deliberate and contumacious, and concluding as follows:
In the subject appeal, the attorney for the taxpayer appeared before the Warren County Board of Taxation on the scheduled hearing date, requested an adjournment or an affirmance without prejudice [the equivalent of a dismissal without prejudice], but presented neither testimonial evidence nor an appraisal. The county board did, however, have ample time to adjourn the hearing date. Its jurisdiction under N.J.S.A. 54:3-26 did not expire until July 1,1996, approximately six weeks after the May 14, 1996 hearing date for the three appeals. This was a far lesser time constraint than was present in [Jepson Refrigeration v. Trenton, 295 N.J.Super. 492, 685 A.2d 505 (App.Div.1996)] where the Appellate Division nevertheless held that a dismissal for lack of prosecution was inappropriate. As in Jepson Refrigeration, there is here no indication of any prejudice to the municipality which would have resulted from an adjournment, and the facts before me indicate that the taxpayer had retained an appraiser and would have been prepared to proceed on an adjourned hearing date.
[Id. at 286.]
The facts now before me are quite similar to those presented in ARP Realty Assocs. Here, on the scheduled hearing date plaintiff was not prepared to present the testimony of an appraiser, and the employee whom plaintiff intended to call as a witness was not available on that date. Plaintiff has demonstrated that, at a later date, it would have been prepared to present the testimony of such employee. Neither N.J.S.A 54:3-22 nor the applicable *588 county board of taxation rule, N.J.A.C. 18:12A-1.9, requires that, in order to avoid a dismissal for lack of prosecution, a taxpayer must present a witness whose testimony has a reasonable probability of justifying a reduction in the assessment. Indeed, as the Appellate Division noted in Ganifas Trust v. Wildwood City, 15 N.J.Tax 722, 728 (App.Div.1996), such county board rule expressly provides for dismissal for lack of prosecution only if the petitioner fails to appear.
A petitioner shall be prepared to prove his ease by completion [sic] and competent evidence. In the absence of some evidence, the board may dismiss the petition. In case of failure to appear, the board may dismiss the petition for lack of prosecution.
ÍN.J.AC. 18:12A-1.9(e)J
The standard articulated by the Appellate Division in VSH (and adopted in Ganifas Trust) is that, in order to avoid a county board dismissal for lack of prosecution, the taxpayer's appearance must be more than a sham. I am satisfied that, if the county board had granted plaintiffs request for adjournment, plaintiff would have been prepared, on the adjourned hearing date, to present testimony which would not have been a sham. Such testimony may not have been sufficient to warrant a reduction in the assessment, but it would have been sufficient to withstand a motion to dismiss for lack of prosecution. The hearing date before the county board was May 5, 1998. The board’s jurisdiction would not have expired until, at the earliest, July 1, 1998. The county board, therefore, had adequate time to grant an adjournment so that plaintiff could appear on another date and present testimony. The Township has not demonstrated any prejudice to it which would have resulted from an adjournment. Dismissal, as our courts have stated repeatedly, is a drastic remedy to be employed only in very limited circumstances. Here, those circumstances did not exist. See ARP Realty Assocs. v. Washington Bor., supra, 16 N.J.Tax at 286 (reaching the same conclusion under similar facts).
Furthermore, the county board’s refusal to permit the Township assessor to testify was wholly inappropriate and improper. Under N.J.AC. 18:12A-1.9(f), assessors are required to attend tax appeal hearings before county boards of taxation. Plain *589 tiffs attorney could have served the assessor with a subpoena when the hearing commenced, thereby requiring the assessor to testify on plaintiffs behalf. See N.J.A.C. 18:12A-1.10. In addition, the county board had inherent authority to require the assessor, who was present in the hearing room, to testify at the request of plaintiffs attorney, even without a subpoena. Cf. Media Services, Inc. v. Sheraton Corp. of America, 79 N.J.Super. 488, 192 A.2d 166 (App.Div.1963) (holding that: “It is fundamental to the administration of justice that a court have full jurisdiction over the parties to the suit. This jurisdiction necessarily includes the power to order a party to the suit to appear at trial, or order a corporate party to produce its officers and directors at trial.” Id. at 492, 192 A.2d 166),[1] and Pressler, Current N.J. Court Rules, comment 2 on R. 1:9-1 (1998) (discussing a court’s “inherent power” to order the appearance of witnesses and citing Media Services). The assessor’s testimony may not have supported an assessment reduction. Under the Appellate Division’s decision in VSH, however, such testimony could have satisfied the requirement that a taxpayer’s appearance before a county board be more than a sham, and, therefore, such testimony, in itself, could have been sufficient to preclude a dismissal for lack of prosecution. A county board of taxation may not create a basis to dismiss for lack of prosecution by improperly denying a taxpayer the right to present testimony which may be adequate to avert such a dismissal.
Defendant’s motion to dismiss is denied.

 The assessor is not a "party” to the appeal, and is not exclusively a municipal official. "[F]or some purposes assessors must be regarded as municipal officials but for other purposes are state officials.” Horner v. Township Comm, of Ocean Tp., 175 N.J.Super. 533, 539, 420 A.2d 1033 (App.Div.1980).