BIANCO, J.T.C.
Defendant, Borough of Chatham (“Borough”) moved to dismiss the complaints of the plaintiffs, Norman Schaefer and John K. Fauver Jr. et al (“Taxpayers”) for lack of jurisdiction, since the Taxpayers’ appeals had been dismissed by the Morris County Board of Taxation (“Board”) for lack of prosecution. The Borough’s motions were denied on the record after oral argument; this opinion amplifies the court’s oral decision.
I. Facts
The Taxpayers respectively filed property tax appeals before the Board which were scheduled for hearings on May 23rd, 2012. The Taxpayers retained the services of licensed real estate appraisers who prepared reports that were timely served upon the Board and the Borough prior to the scheduled hearings. On the day of the hearings, the Taxpayers’ attorney and appraisers[1] were present and prepared to proceed with the hearings.
In each case, the Borough moved to bar the testimony and reports of each appraiser because of boiler-plate language contained in pre-printed appraisal forms used in each report, indicating that the report’s “intended use was for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.” No case law or other authority *105 was cited by the Borough in moving to bar the appraisers’ testimony and reports.
In response, the Taxpayers’ appraisers testified that the reports had been prepared for tax appeal purposes despite the boiler-plate language, and pointed out other language within the reports contradicting the Borough’s assertion that the reports had been prepared for another reason. Nevertheless, the Board barred the reports and the testimony of the appraisers and then dismissed the Taxpayers’ appeals for lack of prosecution. The Taxpayers appealed to the Tax Court. The Borough moved to dismiss their complaints for lack of jurisdiction in accordance with N.J.S.A. 54:51A-1c since the Board had dismissed their appeals for lack of prosecution.
II. Analysis
N.J.A.C. 18:12A-1.9(e) provides that “[a] petitioner shall be prepared to prove his case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.”
“[T]he Tax Court possesses the authority to review de novo a dismissal [of an appeal by a County Board of Taxation] and determine whether that dismissal was for lack of prosecution.” VSH Realty, Inc. v. Township of Harding, 291 N.J.Super. 295, 301, 677 A.2d 274 (App.Div.1996). If so, “[t]he Tax Court [also] has the authority to determine whether the county board’s dismissal for lack of prosecution was warranted. The legal standard to be applied in making such determination is that a motion to dismiss should be granted only in the most egregious circumstances.” Wilshire Oil Co. of Texas v. Township of Jefferson, 17 N.J.Tax 583, 588 (Tax 1998).
“If the Tax Court shall determine that the appeal to the County Board of Taxation has been ... dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review.” N.J.S.A. 54:51A-1(c).
*106 In order to avoid dismissal pursuant to N.J.S.A. 54:51A-1(c)(2), the taxpayer must present “some proofs as to true value in order to overcome the presumption that current assessments are valid.” In essence this standard means that “the taxpayer’s appearance [before a county board] must be more than a sham.” While “dismissals should not be invoked in the absence of prejudice and unless the plaintiffs behavior is deliberate and contumacious,” “[w]here ... there is an appearance but no evidence, much less insufficient evidence, that is the same as not appearing at all and may properly form a basis for a dismissal under N.J.S.A 54:51A-1(c)(2).
[Princeton Alliance Church v. Township of Mount Olive, 25 N.J.Tax 282, 286-86 (Tax 2010) (citations omitted).]
The Court finds that, under the present facts, the Board’s dismissal of the Taxpayers’ appeals for lack of prosecution was wholly improper.
The Taxpayers’ treatment by the Board in these matters is not unlike the taxpayer’s treatment by the same Board in Wilshire, where the taxpayer attempted to call the municipal assessor as a witness due to the unavailability of his own witness on the hearing date (the municipality denied taxpayer’s request for an adjournment to accommodate the absence of his witness). Wilshire, supra, 17 N.J.Tax at 585. The Board refused to permit the taxpayer to call the assessor and then dismissed the appeal for lack of prosecution citing insufficient evidence. Ibid. Finding the conduct of the Board in denying the taxpayer’s request to question the assessor to be “inappropriate and improper,” the court denied the motion, stating that “[a] county board of taxation may not create a basis to dismiss for lack of prosecution by improperly denying a taxpayer the right to present testimony which may be adequate to avert such a dismissal.” Id. at 588-89.
In the present matters, the Board’s refusal to allow the Taxpayers to proceed with their appeals despite appearances by counsel and appraisers, effectively created a situation where the Taxpayers were precluded from satisfying the evidentiary standard needed to avoid a dismissal for lack of prosecution. After the Taxpayers’ appraisers provided testimony explaining the conflicting purposes of the reports, the Board should have allowed the hearings to proceed to completion, and then weighed the evidence. While the Board may have determined that the Taxpayers failed to overcome the presumption of validity of the *107 assessment in each case and denied the Taxpayers relief; at least that determination would have been on the merits and not on a technicality.
County Boards of Taxation (“County Boards”) have, as their paramount objective, a duty to administer justice in each individual appeal. Veeder v. Township of Berkeley, 109 N.J.Super. 540, 546, 264 A.2d 91 (App.Div.1970) (citation omitted).
In hearing local property tax appeals pursuant to N.J.S.A. 54:3-26, county boards of taxation act in a quasi-judicial capacity. See [VSH Realty, Inc. v. Township of Harding, 14 N.J.Tax 379, 384 (Tax 1994)]. Dismissal of an appeal by a county board for failure to prosecute will, if sustained by the Tax Court, terminate, without a hearing, a taxpayer’s right to appeal for the tax year in question. Such a dismissal should, therefore, be circumscribed by the same obligations to “administer justice” as are applicable to the Tax Court, and all doubts should be resolved against dismissal.
[Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J.Tax 413, 418 (Tax 1996).]
When County Boards were first established in New Jersey in 1906, [1906 N.J. Laws, Chapter 120], it was envisioned that “County Boards will be of powerful influence in rehabilitating the taxing system of New Jersey____” A Brief History of County Boards of Taxation, New Jersey Association of County Tax Boards, http://njactb.org/history.asp (last visited December 12, 2012) (citation omitted). In an August 1906 letter to each newly formed board, then Governor Edward C. Stokes asked that “a ‘square deal’ be given to every taxpayer. [He] warned of the danger of over-taxation, declaring that county boards are ‘... dealing with ... a most sacred right, namely, that of property. The power of taxation is practically the power of confiscation.’” Id. (citation omitted, emphasis added). Governor Stokes further observed that “‘[t]he opportunity afforded [County Boards] for rendering service to the people is one that should enlist [each County Board’s] most earnest and conscientious efforts.’ The Governor also instructed the county boards that they, ‘... like the courts, must so conduct their business as to be beyond suspicion, of permitting any kind of favoritism.’ ” Id. (citation omitted, emphasis added).
A decade later in 1916, then Governor James F. Fielder observed in a speech that “members of the [County] Boards have *108 begun to realize that they have a real function to perform; they have a real duty through which they can be of real service to the people.” Id. (citation omitted, emphasis added).
In this court’s observation, recent dismissals of appeals by the Board for lack of prosecution occur with much too great frequency for a consequence intended to “be granted only in the most egregious circumstances.” Wilshire, supra, 17 N.J.Tax at 588. Clearly this is not the envisioned purpose in the tax appeal process that County Boards were intended to have. More than one hundred years after their inception “County boards of taxation have ... become an integral part of the administration of the property tax in New Jersey.” A Brief History of County Boards of Taxation, supra, (citation omitted). However, dismissing appeals for lack of prosecution on facts such as here fall far short of the “square deal” for every taxpayer Governor Stokes had hoped for.
III. Conclusion
For the reasons set forth herein, the Borough’s motions to dismiss the Taxpayers’ complaints are denied. The court’s orders denying the Borough’s motions were mailed to counsel under separate cover.

 While the Taxpayers were represented by the same attorney, they retained different appraisers.