NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Mala Sundar**
 **JUDGE**

R.J. Hughes Justice Complex
 P.O. Box 975
25 Market Street
Trenton, New Jersey 08625
Telephone (609) 815-2922
TeleFax:  (609) 376-3018
taxcourttrenton2@judiciary.state.nj.us

November 20, 2017

Jon C. Penberthy, III, Esq.
113 White Horse Road, Suite 2
Voorhees, New Jersey 08043

David P. Lonski, Esq.
Shamy, Shipers & Lonski, P.C.
334 Milltown Road
East Brunswick, New Jersey 08816

> Re:  Popovski et al. v. Township of East Brunswick
> Block 308.91, Lot 30.01
> Docket No. 011393-2017

Dear Counsel,

This is the court's decision of the motion to dismiss the above captioned complaint filed by defendant on grounds this court lacks subject matter jurisdiction because the Middlesex County Board of Taxation had dismissed plaintiffs' petition for failure to permit the Township to inspect the above captioned property.  For the reasons stated below the court denies the motion.

## FACTS

The following facts are taken from plaintiffs' complaint with attachments and the Township's certification in support of its motion.  Plaintiffs own the above captioned property ("Subject"), a residence located in defendant ("Township").  For tax year 2017, the Subject was assessed at $129,600.  Plaintiffs challenged the assessment by filing a petition to the County Board.

*

Upon receipt of the petition, the Township requested an inspection of the Subject which was allegedly refused. The Township (through the same counsel in the instant motion before this court) filed a motion before the County Board seeking a dismissal of the petition for failure to allow inspection of the Subject.

On the date of the hearing of plaintiffs' petition before the County Board, plaintiffs' counsel appeared. Apparently, counsel provided "no explanation for the refusal to allow an inspection." Therefore, per the Township, the County Board's "Commissioner indicated that the Township's motion would be granted."

By judgment dated June 8, 2017 (and mailed to plaintiffs on June 29, 2017), the County Board entered a judgment.[1] In the column titled "Judgment," the County Board entered the assessment in the same amount as the amount in the column titled "Original Assessment." It used judgment code "5F," indicating a "dismissal with prejudice" due to "Motion – No Inspection."[2]

Plaintiffs filed a timely complaint with this court on August 7, 2017. The complaint (standard form) noted that plaintiffs were contesting the County Board's action "with respect to the assessment . . . on grounds that the assessment" exceeded the property's true value. The complaint sought a reduction of the assessment "and such other relief as may be appropriate."

The Township then moved to dismiss the complaint. It argued that the' complaint was "a valuation appeal only" and did not "seek a review of the" County Board's decision to "grant" the Township's motion. Per the Township, since plaintiffs' petition was dismissed by the County

---

[1] The judgment was addressed to plaintiffs' counsel, who is the same counsel herein.
[2] The reverse side of the judgment contains an explanation for the judgment codes used. Code 5 is used to indicate "Dismissal With Prejudice." The sub-categories are (A) through (F). 5A is a result of "non-appearance (lack of prosecution)," 5B is due to "no evidence provided (lack of prosecution)," and 5F is due to "Other," for which "an explanation is mandatory on the" face of the judgment.

Board and, further since "no evidence was presented at the County Board," this court lacks subject matter jurisdiction under N.J.S.A. 54:51A(1)(c).

In response, plaintiffs' counsel wrote to this court that plaintiffs had provided responses to the Township's "Discovery Request," via e-mail, thus, "in lieu of the above," the court should "dismiss" the Township's dismissal motion.

On October 31, 2017, the Township withdrew its motion stating that since it was in receipt of plaintiffs' responses to "interrogatories," this court should "withdraw defendant's" pending motion.

On the same day, the Township wrote another letter rescinding the withdrawal since there was no discovery motion pending, and requesting the complaint dismissal motion for lack of subject matter jurisdiction remain open.[3]

## ANALYSIS

The regulations governing hearings at the county board provide that a taxpayer "shall be prepared to prove his or her case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition." N.J.A.C. 18:12A-1.9(e). Additionally, if there is a "failure to appear, the board may dismiss the petition for lack of prosecution." Ibid. The regulations also provide that "[n]o person shall testify at a hearing of the board concerning an assessment unless he or she shall have inspected the property." N.J.A.C. 18:12A-1.9(k).

N.J.S.A. 54:51A-1, titled "review of judgment, action or determination of county board of taxation," provides that if the county board "dismissed [a petition] because of" the taxpayer's

---

[3] Prior to the receipt of the letter, the court initiated a telephonic conference with the parties counsel, wherein the Township's counsel advised the court of the rescission of its prior letter, and plaintiffs' counsel advised the court that he would have to consult plaintiffs to file a response. No response was filed, nor was any extension of the motion hearing date sought.

"failure to prosecute the appeal at a hearing called by the county tax board," then the Tax Court "shall" not "review" the county board's judgment to this effect. N.J.S.A. 54:51A-1(c). However, if the petition was "dismissed without prejudice," then this court is not so precluded. Ibid.

In VSH Realty, Inc. v. Township of Harding, 291 N.J. Super. 295, 301 (App. Div. 1996), the court observed that the Tax Court can, under N.J.S.A. 54:51A-1(c), "review de novo" a county board's dismissal of a petition, and "determine whether that dismissal was for lack of prosecution." While a total failure to appear is attendant with a "loss of the right to file a de novo appeal in the Tax Court," such a loss can also follow "where, for instance, there is an appearance but no evidence, much less insufficient evidence." Id. at 298, 301. In the latter situation, the dismissal is warranted because lack of evidence "is the same as not appearing at all." Id. at 302. The court however emphasized that dismissals are "in general drastic," therefore should not be granted in "the absence of prejudice and unless the plaintiff's behavior is deliberate and contumacious." Id. at 300-01.

Whether there has been a failure to prosecute involves a question of fact. Veeder v. Township of Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970). "In reviewing the determination of a county board of taxation, the Tax Court must take into account the facts available to the county board at the time of its ruling." Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J. Tax 413, 418 (Tax 1996).

Here, it is undisputed is that the plaintiffs' counsel appeared on the scheduled hearing date. It is also undisputed that the County Board's dismissal was not for lack of prosecution, or even for failure to provide any evidence, but rather was due to a discovery infraction, the alleged failure of plaintiffs' to permit the Township an inspection of the Subject. There is nothing before the court to show that the County Board permitted or even considered the issue of valuation vis-à-vis the

4

evidence proffered (or to be proffered) by plaintiffs, due to the Township's motion to dismiss for failure to allow inspection. Consequently, the court is not persuaded that it lacks subject matter jurisdiction, and that the County Board's dismissal of the petition with prejudice due to a discovery infraction, i.e., failure to allow inspection, deprives this court of its ability to review de novo, the affirmed assessment.

It is true that the regulation bars testimony as to an "assessment," due to lack of inspection. N.J.A.C. 18:12A-1.9(k). However, it does not cite such failure to be a basis for a dismissal with prejudice. In any event, while it may be that an opinion of value sans inspection would lack credibility and thus justify an affirmance of assessment due to the failure to overcome its presumptive correctness, the inability to testify due to the regulation is not tantamount to lack of prosecution or lack of evidence for purposes of N.J.A.C. 18:12A-1.9(e) or N.J.S.A. 54:51A-1(c). See e.g. Schaefer v. Borough of Chatham, 27 N.J. Tax 102 (Tax 2013) (dismissal with prejudice on grounds of lack of prosecution by a county board is improper where it did not permit plaintiff's experts to testify because the reports contained boilerplate language that they were prepared purposes of securing financing).

**CONCLUSION**

For the foregoing reasons, the court finds that the County Board's dismissal of plaintiffs' petition with prejudice for a discovery infraction, i.e., failure to permit inspection of the Subject by the Township, does not equate to a dismissal for lack of prosecution for purposes of N.J.S.A. 54:51A-1(c). The court therefore denies the Township's motion to dismiss the complaint.

Very truly yours,

Mala Sundar, J.T.C.

5