NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

November 17, 2020

Thomas S. Dolan, Esq.
Murphy Schiller & Wilkes, LLP
24 Commerce Street, 12th Floor
Newark, New Jersey 07102

Christopher J. Dasti, Esq.
Dasti & Associates
310 Lacey Road
Forked River, New Jersey 08731

      Re:    Donald R. Cioffi vs Township of Ocean
              Docket No. 010588-2020

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss for failure to prosecute. As discussed more fully below the court denies defendant's motion.

### I.      Statement of Facts and Procedural History

Plaintiff filed an appeal of the 2020 tax year assessment with the Ocean County Board of Tax Appeals ("County Board") for property located at 100 Harborage Place, Ocean Township, Ocean County, New Jersey, also being Lot 462 in Block 272, on June 30, 2020. Plaintiff's counsel left the state for vacation on July 7, 2020 and returned on July 16, 2020. Sometime after leaving the state, counsel was notified that an in person hearing on plaintiff's appeal would be held before the County Board on July 15, 2020.









On the hearing date, plaintiff's counsel did not appear, however another counsel entered an appearance in the matter on plaintiff's counsel's behalf. Substitute counsel provided no evidence to the County Board. Judgment dismissing the appeal for failure to appear was thereafter issued by the County Board.

Plaintiff filed the within appeal on September 11, 2020. Defendant filed the instant motion to dismiss for failure to prosecute at the County Board on September 16, 2020 which plaintiff opposes.

II.     Conclusions of Law

N.J.S.A. 54-51A-1(a) provides, in part, that "any party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action or determination in the Tax Court, pursuant to rules of court." However, where Tax Court determines that the dismissal was as a result of the taxpayer's failure to prosecute the appeal before the County Board, there is no review. N.J.S.A. 54:51A-1(c)(2). See also N.J.A.C. 18:12A-1.9 ("A petitioner shall be prepared to prove his case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.") Typically, a failure to appear in the context of a dismissal for lack of prosecution precludes a de novo review by the Tax Court. VSH Realty, Inc. v. Harding Tp., 291 N.J. Super. 295, 300 (App. Div. 1996). Similarly, "[w]here … there is an appearance but no evidence, … that is the same as not appearing at all and may properly form a basis for a dismissal under N.J.S.A. 54:51A-1c(2)." Id. at 301-2. Thus, if sustained by the Tax Court, the dismissal of an appeal by a county board of taxation resulting from the failure to prosecute will terminate the taxpayer's right to appeal the assessment for the tax year

2

in question, without a hearing. Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J. Tax 413, 418 (Tax 1996).

In evaluating a motion to dismiss under the standards of N.J.S.A. 54:51A-1(c)(2), the Tax Court must ascertain whether the taxpayer's failure to prosecute before the county board fell within the intendment of the statute. Veeder v. Township of Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970). The motion to dismiss should be granted sparingly and only in the most egregious circumstances. Wilshire Oil Co. of Texas v. Township of Jefferson, 17 N.J. Tax 583, 585 (Tax 1998). A dismissal pursuant to this statute should be circumscribed by the same obligations to administer justice as are applicable to the Tax Court, and all doubts should be resolved against dismissal. Ibid. The "administration of the court's calendar with blind rigidity cannot take priority over a party's…right to contest its assessment." VSH Realty, Inc. v. Township of Harding, 291 N.J. Super. at 301 (citation omitted). Dismissal of an action is a drastic remedy and should not be invoked "unless the plaintiff's behavior is deliberate and contumacious." Id. at 300.

N.J.S.A. 54:3-14 provides, "[e]ach board shall adopt such standardized petitions of appeals, rules, regulations and procedures as are prescribed by the Director of the Division of Taxation." N.J.A.C. 18:12A-1.9(b) provides, "[t]he board shall give at least 10 days notice of the time and place of hearing of the appeal to the petitioner, assessor, and attorney of the taxing district." No further direction is provided as to the manner of mailing or any presumption as to delivery. N.J.A.C. 18:12A-1.15(a), Practice and Procedure, however, provides that "[i]n the absence of a rule covering any matter at issue, the rules of the Tax Court insofar as they may be applicable, shall govern." Thus, service of a judgment of the county board "is deemed complete as of the date the judgment is mailed plus an additional three days for mailing time. See R. 1:3-3 and R.8:4-2 Alpine Boro. v. Gilbert 10 N.J. Tax 537, 539 (Tax 1989.); See also Family Realty Co. v

Secaucus Town, 16 N.J. Tax 185 (Tax 1989)(extending principles relating to transmittal of County Board judgments to transmittal of hearing notices.)

Neither party referenced the foregoing regulation, nor provided the court with any indication of when the notice setting the hearing date was mailed. However, plaintiff's counsel certifies that as of July 6, 2020 he had not received any notice setting a hearing date. The court notes that even assuming that the notice of hearing was sent on July 1, 2020, the day after plaintiff's appeal was filed, applying the three day mailing rule of R. 1.3-3 and R. 1.3-1, the earliest date upon which service of the notice of hearing could have been made was July 6, 2020. Thus, the required ten days' advance notice could not have been provided[1]. Defendant provided nothing to demonstrate the date upon which the notice of hearing was mailed and nothing to contradict plaintiff's assertion that notice of the hearing was not received until after July 6, 2020. Thus, the uncontroverted evidence demonstrates that the 10 days advance notice required by N.J.A.C. 18:12A-1.9(b) was not provided.

Moreover, during the period in question, the State of New Jersey was experiencing significant issues relating to the COVD-19 pandemic. A public health emergency had been declared at least through July 5, 2020 and no in person hearings in the State's courts were being conducted. As of the date of this writing in-person court operations have not yet resumed. Defendant's counsel suggestion that plaintiff should have known that the County Board would have scheduled hearings and should not have been out of state is unwarranted. Certainly, there was no reason to know such hearings would be held in person.

---

[1] Three days after July 1, 2020 was July 4, 2020, a federal holiday and a Saturday. The next business day was July 6, 2020.

Under the circumstances presented here the court does not consider counsel's failure to appear to be deliberate or contumacious. Dismissal of plaintiff's complaint in this matter would not advance the administration of justice especially in light of the apparent failure of the County Board to provide sufficient advance notice of the hearing date.

III,.    Conclusion

For the reasons set forth above, the court denies defendant's motion to dismiss plaintiff's complaint.

Very truly yours,


Kathi F. Fiamingo, J.T.C.