**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

| | |
|---|---|
| E & H SURGENTS, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>TOWN OF WESTFIELD,<br><br>    Defendant. | TAX COURT OF NEW JERSEY<br><br>DOCKET NO. 010993-2020 |

**DECIDED: March 1, 2022**

Chad. E. Wolf for Plaintiff E&H Surgents LLC
(Wolf and Vespasiano LLC)

Thomas Jardim for Defendant Township of Westfield
(Jardim, Meisner & Susser PC)

GILMORE, J.T.C.

This opinion concerns defendant Township of Westfield's (hereinafter "the Township") motion to dismiss plaintiff E&H Surgents LLC's (hereinafter "Plaintiff") complaint for lack of jurisdiction. For the reasons stated herein, the court denies the Township's motion to dismiss.

**Findings of Fact and Procedural History**

The court makes the following findings pursuant to R. 1:7-4. Plaintiff is the record owner of real property located at 365 South Avenue East, Block 3204, Lot 14 within the Township (hereinafter "the subject property"). On September 8, 2020, plaintiff filed an appeal of the 2020 assessment for the subject property before the Union County Board of Taxation (hereinafter "the Board") seeking a hearing, which the Board scheduled for August 27, 2020. The Board issued a memorandum of judgment dated August 28, 2020, dismissing plaintiff's appeal. The judgment

contained a Judgment Code 5A, indicating that the appeal was dismissed due to plaintiff's "non-appearance" at the virtual hearing scheduled the previous day. Plaintiff filed a complaint with this court on September 25, 2020. On March 25, 2021, the firm Wolf Vespasiano LLC filed a substitution of attorney to replace plaintiff's prior counsel in the matter before the court. This motion was filed subsequently, and no oral argument was requested.

**<u>Conclusions of Law</u>**

N.J.S.A. 54:51A-1 provides, in pertinent part:

> If the Tax Court shall determine that the appeal to the county board of taxation has been (1) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (2) <u>dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board</u>; (3) settled by mutual consent of the taxpayer and assessor of the taxing district, there shall be no review.
>
> [N.J.S.A 54:51-1(c) (emphasis added).]

A petitioner shall be prepared to prove his or her case before the county board with "complete and competent evidence." N.J.A.C. 18:12A-1.9(e). "In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution." <u>Id.</u> Therefore where the taxpayer fails to appear at all, he risks a dismissal for lack of prosecution. <u>VSH Realty, Inc. v. Harding Twp</u>., 291 N.J. Super. 295, 298 (App. Div. 1996).

Dismissal of an appeal by the Board for failure to appear deprives this court of jurisdiction over a subsequent appeal. <u>See</u> <u>Pipquarryco, Inc. v. Borough of Hamburg</u>, 15 N.J. Tax 413, 418 (Tax 1996). The New Jersey Supreme Court has stated that the dismissal of a party's cause of action is "drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority."

Allegro v. Afton Village Corp., 9 N.J. 156, 160-61 (1952); see also VSH Realty Inc., 291 N.J. Super. at 300. Dismissal of a complaint for failure to prosecute an appeal before the county board is an extreme remedy and should be granted sparingly and only in the most egregious of circumstances. Wilshire Oil Co. of Texas v. Jefferson Twp., 17 N.J. Tax 583, 586 (Tax 1998). Furthermore, this court has previously stated:

> Where, on or before the scheduled hearing date, a taxpayer communicates to the county board the taxpayer's desire to prosecute an appeal and provides reasonable indicia that the taxpayer will, on a later date, be prepared to proceed in a "meaningful manner", the taxpayer's conduct should not be regarded as either "deliberate" or "contemptuous", and the county board should not dismiss the appeal for failure to prosecute.
>
> [Id. at 586-87.]

Whether there has been a failure to prosecute involves a question of fact to be determined by the court. See Veeder v. Twp. of Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970).

Dismissal for lack of prosecution is warranted when the taxpayer's non-appearance is deliberate and contemptuous. See West Essex Sav, & Loan Ass'n v. Montville Twp., 16 N.J. Tax 152 (Tax 1996). In West Essex Sav. & Loan Ass'n, the taxpayer filed a timely appeal contesting their local property tax assessment. 16 N.J. Tax at 153. Prior to the scheduled hearing date, counsel for plaintiff requested an adjournment of the hearing, which the Township denied. Id. Counsel thereafter requested an affirmance of the assessment without prejudice, which was also denied by the Township. Id. On the date of the hearing, plaintiff's counsel failed to appear, and the County Board dismissed the appeal with prejudice for failure to prosecute. Id. Counsel provided no rationale for failing to appear at the scheduled hearing, and the court dismissed the appeal. The court reasoned that because counsel for plaintiff was "emphatically" informed that the adjournment and affirmance requests were denied, "the attorney could not simply ignore the scheduled hearing. He was obligated to appear before the Board on the hearing date…" Id. at

3

156. Such evidence rose to the level of finding plaintiff's behavior as "deliberate," warranting dismissal for lack of prosecution. See id.

Here, plaintiff asserts that the Township's motion should be denied because plaintiff's conduct does not rise to the level warranting dismissal. The court agrees. Counsel that was representing plaintiff at the time of the hearing certified to the court that he was never notified by phone or mail of the hearing that was scheduled. See Certification of Gary S. Goodman (hereinafter "Goodman Cert.") ¶ 2. Plaintiff's former counsel also certified that after he learned that the appeal was dismissed, he was told that an email was sent to him from "Taxman 1," notifying him of the scheduled hearing. Id. at ¶ 4. Counsel certified that he did not receive this email, and if he did, it went to his spam or junk folders, that he never "knowingly received, read or opened any email from [that] address," and that he was not notified by anyone that an email notice of the hearing date would be coming from that address. Id. at ¶ 5.

Township argues that this is evidence that plaintiff did in fact receive notice of the hearing and therefore dismissal is warranted. However, such behavior by plaintiff here does not rise to the level of "deliberate' or "contemptuous." See Wilshire Oil Co., 17 N.J. Tax at 586-87. Instead, plaintiff presented sufficient evidence for the court to find that plaintiff's counsel at the time was not aware of the scheduled hearing date. Goodman Cert. at ¶¶ 2-5. Plaintiff cannot be given the drastic punishment of the dismissal of their appeal when they did not deliberately fail to appear at the scheduled hearing before the Board. See Allegro, 9 N.J. at 160-61.

For these reasons, the Township's motion to dismiss for lack of jurisdiction is denied.

/s/ Michael J. Gilmore, J.T.C

4