NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**Joseph M. Andresini, P.J.T.C.**
 **Presiding Judge**

125 State Street, Suite 100
Hackensack, New Jersey 07601
(609) 815-2922 ex. 54570
Fax: (201) 996-8052

December 4, 2019

Celia S. Bosco, Esq.
Edward Rogan & Associates, LLC
One University Plaza, Suite 607
Hackensack, NJ 07601
Counsel for the Borough of Closter

Kathryn Gilbert, Esq.
Attorney at Law
55 State Street
Hackensack, New Jersey 07601
Counsel for Joseph and Gloria Miele

Jesse Rosenblum
65 Knickerbocker Road
P.O. Box 194
Closter, NJ 07624

Re: Rosenblum v. Closter and Miele
Docket No. 013052-2019

Dear Counsel:

This letter constitutes the court's opinion on the motion for reconsideration filed by third-party plaintiff Jesse Rosenblum. In filing his motion for reconsideration, Mr. Rosenblum claims that the Tax Court erred in finding that his failure to appear for his hearing on the instant matter before the Bergen County Board of Taxation necessitated a dismissal of his third-party tax appeal for lack of jurisdiction.

1

For the reasons stated below, the court denies the motion.

A.  Prior Decision

Prior to the instant motion for reconsideration, the third-party plaintiff Mr. Rosenblum filed a petition at the Bergan County Board of Taxation challenging the assessment on the property of defendants Joseph and Gloria Miele for the  tax year 2019.  Mr. Rosenblum's petition at the County Board was dismissed with prejudice for failure to appear/failure to prosecute under Judgment Code 5A.  Following the dismissal of Mr. Rosenblum's petition at the County Board, Mr. Rosenblum filed an appeal with the Tax Court seeking review of his case.  The defendants Joseph and Gloria Miele as well as the Borough of Closter moved to dismiss Mr. Rosenblum's complaint for lack of jurisdiction under N.J.S.A. 54:51A-1(c)(2) which states that:

> "If the Tax Court shall determine that the appeal to the county board of taxation has been . . . (2) dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board . . .  there shall be no review."

Mr. Rosenblum was provided the opportunity to appear before the court and argue the motion as well as provide justification for his failure to appear before the County Board.

Statements made by Mr. Rosenblum both in his filings to the court as well as his statements before the court on the record clearly demonstrated that his lack of appearance was a cavalier decision to arrive late to the County Board of Taxation.  Pursuant to the Appellate Division's holding in VSH Realty, Inc. v. Township of Harding, 291 N.J. Super. 295, 300 (App. Div. 1996)., and based on the foregoing reasons, the court found that Mr. Rosenblum's lack of appearance before the Bergen County Board of Taxation was "deliberate and contumacious." Accordingly, the court dismissed the complaint for lack of jurisdiction under N.J.S.A. 54:51A-1(c)(2).

B.  Reconsideration

A motion for reconsideration is governed by R. 8:10.  This rule provides, in part, that R. 4:49-2 "shall apply to Tax Court matters" and that "all such motions shall be filed and served not later than 20 days after the conclusions of the court are announced orally or in writing . . . ."  R. 8:10.  Here, Mr. Rosenblum's motion was timely.

Pursuant to R. 4:49-2, a motion for reconsideration "shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ."  Grant of such motion is "within the sound discretion of the Court, to be exercised in the interest of justice."  D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990) (citations omitted).  Reconsideration is appropriate in a "narrow corridor" of cases, where either "1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence."  Ibid.  In other words, it must be demonstrated that the court acted in a manner that is "arbitrary, capricious, or unreasonable," prior to the court engaging in the reconsideration process.  Ibid.

Reconsideration is not a proxy for filing an appeal.  See Palumbo v. Twp. of Old Bridge, 243 N.J. Super. 142, 147 n.3 (App. Div. 1990).  It is not a means to challenge a court's decision merely because a party is dissatisfied with the court's decision.  D'Atria, 242 N.J. Super. at 401. "[M]otion practice must come to an end at some point, and if repetitive bites at the apple are allowed, the core will swiftly sour."  Ibid.  Despite the above restrictions on the use of a motion for reconsideration, "if a litigant wishes to bring new or additional information to the Court's attention which it could not have provided on the first application, the Court should, in the interest of justice (and in the exercise of sound discretion), consider the evidence."  Ibid.

3

In the instant motion for reconsideration, Mr. Rosenblum has provided no claims or evidence indicating that this court acted in a way that can be construed as irrational, unreasonable, or arbitrary and capricious. In his moving papers, Mr. Rosenblum made only one statement supported by case law in support of his instant motion for reconsideration, choosing to instead attempt to argue the merits of his dismissed case against the Miele's. Mr. Rosenblum was further provided with the opportunity to argue his motion before the court but likewise did not assert any cognizable legal basis for the reconsideration of the court's decision.

In his brief, Mr. Rosenblum stated that "[a] non-appearance during the hearing should not be, in this particular situation, treated as an absolute bar to jurisdiction." To this effect, Mr. Rosenblum cites White v. Violent Crimes Comp. Bd., 76 N.J. 368 (1978) which held that the statute of limitations should be tolled to the effect of the legislature's purpose for enacting the law. In White, the plaintiff was a victim of violent sexual assault who maintained serious bodily injury as a result of her attack. Due to the grievous extent of her physical injuries, the plaintiff also suffered financial hardship and as a result applied for compensation from the Violent Crimes Compensation Board. As a result of the trauma induced by her attack, the plaintiff failed to submit her claim in a timely manner. After being denied benefits due to the tolling of the statute of limitations for such claims, the Appellate Division held that the plaintiff should still be permitted to collect as her failure to file on time was a result of "rape trauma syndrome" and thus held that "in the case of a statutorily created right, a 'substantive' limitation period may appropriately be tolled in a particular set of circumstances if the legislative purpose underlying the statutory scheme will thereby be effectuated." Id. At 379.

This court finds Mr. Rosenblum's use of White v. Violent Crimes Comp. Bd. to be misplaced. In White, the legislative intent behind the law in question was clearly for the benefit

4

of a victim like the plaintiff and as such the Appellate Division aimed to act in the spirit of the law and prevent injustice by permitting her to proceed with her claim. In the matter at hand, Mr. Rosenblum has not put forth any similar legitimate justification for this court to reconsider its decision granting the defendant's motion to dismiss for his failure to make a timely appearance before the County Board. Furthermore, even if Mr. Rosenblum was able to demonstrate that the legislative intent was to permit litigants such as himself to be able to overcome dismissal, the holding in White only contemplated the tolling of statute of limitations. Here, the issue at hand does not involve an excusable lapse in the statute of limitations. Rather, the dismissal in the present case was a result of a heretofore unjustified failure to appear for a hearing on a voluntarily filed complaint of which Mr. Rosenblum had notice of the time and place of the proceedings. This event was clearly contemplated by the legislature in the drafting of N.J.S.A. 54:51A-1(c)(2) which bars appeals to the Tax Court should a petition at the County Board of Taxation be dismissed for failure to prosecute or appear such as in the instant case.

Furthermore, when given the opportunity to argue his motion before the Tax Court, Mr. Rosenblum chose instead to repeatedly attempt to argue the merits of his underlying claim against the Miele's and the Borough of Closter. Over the course of the hearing, the court made several attempts to allow Mr. Rosenblum to address the matter at hand but it was to no avail. Mr. Rosenblum rested his case without offering the court any basis to grant his pending motion for reconsideration.

Based on the filings on this motion by Mr. Rosenblum, as well as the certification in opposition filed by the defendant, it is evident that Mr. Rosenblum has not established any basis for the court to reconsider its decision dismissing his complaint under N.J.S.A. 54:51A-1(c)(2). Mr. Rosenblum's only justification for his failure to appear was that he was late to the hearing

before the County Board of Taxation. Mr. Rosenblum does not deny this in his brief in support of his motion or provide any additional justification or facts excusing his absence or otherwise indicating a basis for reconsideration.

The court afforded Mr. Rosenblum every opportunity to provide an adequate justification for his absence and provided a clear explanation for the reasoning behind the complaint's dismissal. Mr. Rosenblum's dissatisfaction with the court's decision is not grounds for revisiting the same by granting a motion for reconsideration. Palumbo, 243 N.J. Super. at 147 n.3 ( "We . . . disapprove of the excessive use of motions for reconsideration . . . [which are being] made with increasing frequency when essentially there is little more than disagreement with the court's decision. Motions for reconsideration were never meant to be a substitute for the filing of a timely appeal."). A motion for reconsideration is improper when it is used "to ask the Court to rethink what is had already thought through -- rightly or wrongly." Oritani Sav. & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D. N.J. 1990) (citations and internal quotation marksomitted), rev'd & remanded on other grounds, 989 F.2d 635 (3d Cir. 1993).

In the instant motion for reconsideration, the plaintiff has not demonstrated that the court acted in an "arbitrary, capricious, or unreasonable" manner. Furthermore, Mr. Rosenblum's desire to argue the merits of his underlying petition do not merit reconsideration. Accordingly, this court denies plaintiffs motion for reconsideration.

Very truly yours,

_____
*JOSEPH M. ANDRESINI, P.J.T.C.*

6