677 A.2d 274

VSH REALTY, INC., PLAINTIFF–APPELLANT, v. HARDING TOWNSHIP, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 20, 1996—Decided June 18, 1996.

Before Judges HAVEY, CONLEY and PAGE.

*Blau & Blau*, attorneys for appellant (*Charles E. Blau*, of counsel; *Robert D. Blau*, on the brief).

*Schenck, Price, Smith & King*, attorneys for respondent (*Clinton J. Curtis*, of counsel; *Anthony F. Della Pelle*, on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

Plaintiff taxpayer appeals the final judgment of the Tax Court dismissing its 1994 tax appeal from the County Board of Taxation for lack of jurisdiction pursuant to *N.J.S.A.* 54:51A–1c(2). That statute provides in part that "[i]f the Tax Court shall determine that the appeal to the county board of taxation has been ... dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review [by the Tax Court]." The Tax Judge here concluded that the county board correctly dismissed the taxpayer's appeal for lack of prosecution and, thus, dismissed the appeal. We reverse.

The facts are not complicated. Plaintiff owns certain commercial property in Morris County which was assessed in 1994 for $454,500 ($310,000 for land and $144,500 for improvements). On March 30, 1994, it filed an appeal from that assessment with the Morris County Board of Taxation, seeking an assessment of $227,200 ($155,000 for land, $72,000 for improvements). The property is a 1,644 square foot, three-bay, service station located in Harding Township.

On April 19, 1994, plaintiff's counsel was notified by a letter from the County Tax Administrator that a hearing on the appeal was scheduled for May 12, 1994. The letter advised counsel that he must be prepared and ready for a hearing on the hearing date. It warned: "[y]ou must appear at the hearing or lose your right to further appeal to the Tax Court. . . ."

This notice is consistent with *N.J.A.C.* 18:12A–1.9(e), applicable to the County Tax Boards, which provides:

A petitioner shall be prepared to prove his case by completion and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.

Thus, under this regulation, where a taxpayer appears at a County Tax Board hearing but fails to present "some" evidence, the appeal may be dismissed. Where the taxpayer fails to appear at all, he risks a dismissal for lack of prosecution. It is only the latter which results in a loss of the right to file a *de novo* appeal in the Tax Court.

On the scheduled hearing date, counsel appeared and indicated his intention of calling as his witness the local assessor. The Township objected but, then, agreed to present the assessor as its own witness and to allow counsel to cross-examine. The assessor testified as to the physical characteristics of the property and his evaluation process which utilized a cost approach. On cross-examination, he provided information that the Township's average ratio of assessed value to true value was 73.79%, indicating an equalized value of the property of $615,937 or $374 per square foot of building with land included. The assessor admitted that he knew of no commercial sales in the Township for more than $200 per square foot. However, counsel conceded before the Tax Judge that this evidence was not sufficient to sustain the taxpayer's appeal. The Board dismissed the appeal on the basis of "no evidence presented."

We note at the outset that we do not view this as a "no evidence" case. To be sure, the parties have characterized the

Board's determination as a dismissal for lack of prosecution, as did the Tax Judge, thus supporting the dismissal pursuant to *N.J.S.A.* 54:51A–1c(2). But the circumstances here do not so easily fit within *N.J.A.C.* 18:12A–1.9(e) authorizing such dismissals. Critically, as far as we can tell, the result is a substantial change in what has previously been tolerated at the County Board level.[1]

■ The difficulty, we think, lies with *N.J.A.C.* 18:12A–1.9(e). In this respect, we make three observations as to that regulation. The first is that while it predates *N.J.S.A.* 54:51A–1c(2), it coexisted with *N.J.S.A.* 54:2–39, the predecessor of 54:51A–1c(2). Prior to the creation of the Tax Court, appeals from the county tax

---

1 Indeed, in explaining the rationale for his handling of the proceeding before the Board, counsel said:

> [W]e have in the past been able to get cases affirmed without prejudice. That practice has been discouraged strongly this year. Much more—it's been much more strongly discouraged this year than in the past. And I was caught somewhat—somewhat by surprised by that. Had I known—had I known that it would have been virtually impossible to get a case affirmed without prejudice I guess I could have brought an—an appraiser. I'm not sure that I would have as strong an appraisal I—I might have gotten. But what happened is I got a notice that said there will be no affirmances without prejudice unless the case is Tax Court pending. And I don't even think I—I—I—I realized that that was on the notice right away, although I realized that it was the case before I went to that hearing. And, you know, I was caught in effect unprepared for a situation where a County Board that was demanding an expert witness. Now, if this was a corporation and they're an out-of-state corporation to boot VSH, its Cumberland Farms. So it was impossible for me to bring a principle of the corporation. And there was really, you know, I was—this is the—the choice I had. I think there was evidence of value. I concede that it was insufficient to, or at least that the County Board, you know, would certainly would have been justified in affirming under the circumstances
>
> . . . .
>
> [The regulation] says if there's no evidence of value it may be dismissed, that it should have dismissed it. It then goes on to say that if there's no appearance it may be dismissed for lack of prosecution. There was an appearance. Therefore, they should not have dismissed it for lack of prosecution. I knew that. I acted based ... based on those rules. I think my interpretation of the rules is reasonable and I acted based on the—in part based on those rules.

boards were heard by the State Board of Tax Appeals. At least since 1944, *N.J.S.A.* 54:2–39, applicable to those appeals, provided precisely the same language as *N.J.S.A.* 54:51A–1c(2), albeit in the context of the State Board's determination. To the extent, then, that the Tax Judge here may have read the enactment of *N.J.S.A.* 54:51A–1c(2) to have implicitly superseded or vitiated *N.J.A.C.* 18:12A–1.9(e), we disagree.

The second observation we make as to *N.J.A.C.* 18:12A–1.9(e) is that its apparent expression of what type of conduct will constitute a lack of prosecution and consequent loss of further review, is consistent with the narrow approach the Legislature has taken in limiting the jurisdiction of the Tax Court. In this respect, *N.J.S.A.* 54:51A–1c establishes the type of conduct in the County Tax Board proceeding that will act to abrogate a taxpayer's right to a *de novo* appeal to the Tax Court. Only three circumstances will have that effect: 1) withdrawal of an appeal; 2) settlement; 3) and lack of prosecution. *N.J.S.A.* 54:51A–1c. When the Legislature enacted this provision, *N.J.A.C.* 18:12A–1.9(e) was in existence. We presume that the Legislature was aware of the regulation and aware of the reference to failure to appear in the context of a dismissal for lack of prosecution. It might, then, be suggested that when considering what type of conduct at the county board level should reasonably preclude a *de novo* review by the Tax Court, the Legislature equated a failure to appear with a withdrawal of an appeal or settlement as such conduct. *Cf. Lemke v. Bailey,* 41 *N.J.* 295, 301, 196 *A.*2d 523 (1963); *Jersey City Incinerator Auth. v. Department of Pub. Util.,* 146 *N.J.Super.* 243, 253, 369 *A.*2d 923 (App.Div.1976), *appeal dismissed,* 75 *N.J.* 600, 384 *A.*2d 830 (1978).

The third observation that we make is that a narrow scope of what may form a basis for a dismissal for lack of prosecution is entirely consistent with our view that dismissals of actions in general is a drastic remedy. Normally, such dismissals should not be invoked in the absence of prejudice and unless the plaintiff's behavior is deliberate and contumacious. *Allegro v. Afton Village*

*Corp.*, 9 *N.J.* 156, 160–61, 87 *A.*2d 430 (1952); *see Connors v. Sexton Studios, Inc.*, 270 *N.J.Super.* 390, 393, 637 *A.*2d 232 (App.Div.1994). *And see Rutherford Realty Assocs. v. Borough of Rutherford*, 277 *N.J.Super.* 347, 353, 649 *A.*2d 898 (App.Div.1994); *Veeder v. Township of Berkeley*, 109 *N.J.Super.* 540, 546, 264 *A.*2d 91 (App.Div.1970); *S.A.I.J. Realty, Inc. v. Upper Deerfield Township*, 5 *N.J. Tax* 292, 298–99 (1983) (citing *Allegro v. Afton Village Corp., supra*, 9 *N.J.* at 161, 87 *A.*2d 430).

■ We agree with the Tax Court judge's concern over a taxpayer's being able to readily by-pass the county tax board procedure and, thus, effectively undercutting the legislative scheme that provides for a two-tier process for review of tax assessments that do not exceed $750,000. *See N.J.S.A.* 54:3–21, –26. And we understand the Tax Court judge's desire that appeals before the County Tax Boards be "heard in a meaningful manner" so that such boards may more effectively hear and dispose of many cases "thus relieving the Tax Court of what would otherwise be a very substantial burden of cases." But as we have observed, albeit in a different context, "[t]he court system exists to administer justice, not merely to satisfy the court's desire to dispose of cases on its calendar ... [t]he administration of the court's calendar with blind rigidity cannot take priority over a party's constitutional right to contest its assessment." *Rutherford Realty Assocs. v. Borough of Rutherford, supra*, 277 *N.J.Super.* at 352, 649 *A.*2d 898. *And see Veeder v. Township of Berkeley, supra*, 109 *N.J.Super.* at 546, 264 *A.*2d 91.

■ We recognize that the Tax Court possesses the authority to review *de novo* a dismissal and determine whether that dismissal was for lack of prosecution. *N.J.S.A.* 54:51A–1c(2); *Veeder v. Township of Berkeley, supra*, 109 *N.J.Super.* at 545, 264 *A.*2d 91. We do not suggest that a taxpayer's appeal before a county tax board may never be dismissed for lack of prosecution for anything other than a failure to appear. Where, for instance, there is an appearance but no evidence, much less insufficient evidence, that is the same as not appearing at all and may properly form a basis

for a dismissal under *N.J.S.A.* 54:51A–1c(2). *And compare Jepson Refrigeration Corp. v. Trenton City*, 15 *N.J. Tax* 467, 470–71 (1996) (sustaining dismissal for failure to prosecute where "plaintiff deliberately chose to file with the county board although it had no obligation to do so and then failed to abide by the county board's rule that an appraisal be submitted at least seven days prior to the hearing ... [and after] [h]aving obtained a liberal five week adjournment of the first hearing date, plaintiff was still not ready on the adjourned date."); *with Pipquarryco, Inc. v. Hamburg Borough*, 15 *N.J. Tax* 413, 419 (1996) (declaring improper county board's dismissal of plaintiff's appeal from grant of "failure to prosecute" motion where plaintiff "retained an appraiser, submitted an appraisal, appeared before the board on the scheduled hearing date with its appraiser and requested an adjournment ... to prepare properly. . . .").

However, given the continued existence of *N.J.A.C.* 18:12A–1.9(e) coupled here with the letter to counsel which, while advising that the taxpayer must be prepared and ready to try its case, warns only of a dismissal for failure to appear, we are of the view that the dismissal here was not justified. Moreover, this is not a situation where counsel's appearance was sham. As he points out in the appellant's brief, when he called the tax assessor or attempted to do so:

> [I]t [was not] a foregone conclusion that the taxpayer could not elicit an opinion of value from the assessor. The assessor is presumed to be an expert familiar with real estate values in his community. Thus, taxpayer's attorney had every reason to be surprised that the assessor had no idea what the subject property was worth. If, for instance, the assessor had testified that the property was worth $500,000, the taxpayer would have been entitled to a reduction in its assessment.

*And see Glen Wall Assocs. v. Wall Township*, 99 *N.J.* 265, 284, 491 *A.*2d 1247 (1985) ("[t]he Tax Court's decision places an onerous burden on the taxpayer and ignores the time and expense such a burden imposes on a litigant. In this day of rising litigation expenses, it is important for the courts to adopt reasonable limits on what is to be expected of a litigant in presenting his case through the use of an expert."); *Pope v. Borough of Red Bank*, 19 *N.J. Misc.* 383, 386, 19 *A.*2d 208 (Tax App.1940). *Accord Veeder v.*

*Township of Berkeley, supra,* 109 *N.J.Super.* at 546–47, 264 *A.*2d 91; *Pipquarryco, Inc. v. Hamburg Borough, supra,* 15 *N.J. Tax* at 417–18; *S.A.I.J. Realty, Inc. v. Upper Deerfield Township, supra,* 5 *N.J. Tax* at 298.

Reversed and remanded for further proceedings consistent with this opinion.