295 N.J. Super. 492 (1996)
685 A.2d 505
JEPSON REFRIGERATION CORP., PLAINTIFF-APPELLANT,
v.
CITY OF TRENTON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1996.
Decided December 2, 1996.
*493 Before Judges KEEFE and CONLEY.
Charles J. Harrington argued the cause for appellant (Garippa & Davenport, attorneys; Seth I. Davenport and Mr. Harrington, of counsel and on the brief).
John V. Dember argued the cause for respondent (Coleman & Dember, attorneys; Mr. Dember, on the brief).
The opinion of the court was delivered by CONLEY, J.A.D.
This tax appeal raises an issue we left open in VSH Realty, Inc. v. Harding Tp., 291 N.J. Super. 295, 301-02, 677 A.2d 274 (App. Div. 1996). That is, whether discovery infractions at the County Tax Board level may form a basis for a Tax Court's dismissal of an appeal for lack of prosecution within the meaning of N.J.S.A. 54:51A-1c(2) with its consequent loss of Tax Court jurisdiction. Here, after one adjournment, the taxpayer was late in obtaining and serving its appraisal report. That was the basis for the dismissal by the County Tax Board. On de novo review and pursuant to N.J.S.A. 54:51A-1(c), the Tax Court agreed.[1] We are constrained to disagree.
The critical facts are not disputed. The taxpayer, Jepson Refrigeration Corporation (Jepson), filed a local property tax appeal to the Mercer County Board of Taxation for the 1995 tax year on the subject property. It did so because it believed that the property was over-assessed. The property (five separate lots) *494 had been listed on the market for approximately one million dollars without success. As far as we can tell, the total assessed value of the five lots at issue far exceeded one million dollars.
The hearing before the County Board was originally scheduled for July 25, 1995. On July 17, 1995, Jepson requested that the hearing be adjourned or, in the alternative, affirmed without prejudice[2] because its appraiser could not prepare the appraisal report in time for the hearing. The request was granted and the appeal was rescheduled for August 29, 1995.
Shortly thereafter plaintiff's attorney was advised by the original appraiser that a report could not be completed in time for the rescheduled hearing. Without much choice, he terminated that appraiser and retained Appraisal Associates, Inc. to prepare the report. According to counsel, he was assured that the report would be timely completed. To be timely, the report should have been served upon opposing counsel no later than seven days before the hearing. N.J.A.C. 18:12A-1.9(h).
However, the appraiser's report was not submitted to Jepson's counsel, the Board and the City attorneys until the day of the hearing. We are told that plaintiff requested a short adjournment or a dismissal without prejudice. See footnote 2 supra. The City, however, moved for a dismissal for lack of prosecution. The County Board dismissed the appeal. We have no record of the proceeding before the Board or of the reasons for the dismissal. However, the order of dismissal that was thereafter filed reflects as a basis "Judgment Code 2B." We are told that that is a reference to a dismissal for "lack of prosecution; no evidence presented."
*495 Plaintiff then filed a de novo appeal with the Tax Court. Upon the City's motion, the Tax Court dismissed the de novo appeal for lack of prosecution pursuant to N.J.S.A. 54:51A-1(c)(2). That statute provides in part that "[i]f the tax court shall determine that the appeal to the county board of taxation has been ... dismissed because of appellant's failure to prosecute the appeal at a hearing called by the county tax board ... there shall be no review [by the Tax Court]." As a result of this dismissal, the taxpayer lost its statutory right to a de novo appeal in the Tax Court because its appraiser's report, though obtained by the day of the first adjourned hearing, was untimely. There is no suggestion in the record before us, nor was there before the Tax Court, that the taxpayer had no intention of presenting its evidence before the Board and that the untimely receipt of the report was designed to thwart or avoid the County Tax Board's review of the appeal.
As we noted in VSH, we understand the Tax Court's desire that County Tax Board appeals be meaningful, and we recognize the Tax Court's discretion to determine whether a dismissal of an appeal at the County Tax Board level was for lack of prosecution. 291 N.J. Super. at 301, 677 A.2d 274. We also appreciate the time restrictions the County Tax Boards face in disposing of each year's tax appeals. However, we continue to be of the view that N.J.S.A. 54:51A-1(c)(2) was intended by the Legislature to be narrow in scope.
We first consider what we assume was the authority for the County Tax Board's dismissal, that is N.J.A.C. 18:12A-1.9(e). That regulation provides:
A petitioner shall be prepared to prove his case by completion and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.

[Emphasis added.]
Under this regulation, where a taxpayer appears at a County Tax Board hearing but fails to present "some" evidence, the appeal may be dismissed. Where the taxpayer fails to appear at all, *496 however, or his appearance is a "sham," he risks a dismissal for lack of prosecution. We observed in VSH that it is only the latter which results in a loss of the right to file a de novo appeal in the Tax Court; it was, and continues to be, our view that that is entirely consistent with what the Legislature intended.
As we construed N.J.S.A. 54:51A-1(c) in VSH:

N.J.S.A. 54:51A-1c establishes the type of conduct in the County Tax Board proceeding that will act to abrogate a taxpayer's right to a de novo appeal to the Tax Court. Only three circumstances will have that effect: 1) withdrawal of an appeal; 2) settlement; 3) and lack of prosecution. N.J.S.A. 54:51A-1c. When the Legislature enacted this provision, N.J.A.C. 18:12A-1.9(e) was in existence. We presume that the Legislature was aware of the regulation and aware of the reference to failure to appear in the context of a dismissal for lack of prosecution.
[291 N.J. Super. at 300, 677 A.2d 274.]
Moreover, the Legislature's express exception for appeals that are "dismissed without prejudice" from the preclusive effect of N.J.S.A. 54:51A-1(c) further reflects the limited nature of the type of conduct on the part of the taxpayer in the County Tax Board that will constitute a loss of the right to a de novo appeal in the Tax Court. And, as we noted in VSH, "a narrow scope of what may form a basis for a dismissal for lack of prosecution is entirely consistent with [the principle] that dismissals of actions in general is a drastic remedy. Normally, such dismissals should not be invoked in the absence of prejudice and unless the plaintiff's behavior is deliberate and contumacious." Id. at 300-01, 677 A.2d 274 (citing, e.g., Rutherford Realty Assocs. v. Borough of Rutherford, 277 N.J. Super. 347, 353, 649 A.2d 898 (App.Div. 1994); Veeder v. Township of Berkeley, 109 N.J. Super. 540, 546, 264 A.2d 91 (App.Div. 1970)).
There is no prejudice asserted here. Most assuredly, plaintiff proceeded "deliberately," as found by the Tax Court judge, in that it chose first to file its appeal with the County Tax Board when it could have proceeded directly to the Tax Court, did obtain one adjournment because its appraisal was late, then did not obtain its appraisal report until the day of the second hearing. In finding this conduct a "flaunt[ing] of the rules of the county board" and a "repeated ... ignor[ing] [of] the time constraints *497 imposed on the appeal of local property tax cases," the Tax Court judge relied upon Hudson Motor Lodge, Inc. v. Jersey City, 15 N.J. Tax 178 (App.Div. 1995).
We disagree. In Hudson, in the face of pretrial procedures agreed to by the parties, plaintiff obtained three trial dates, each time appearing without obtaining an appraisal report. Here, from all appearances, plaintiff made, from the outset, a good faith effort to obtain its report. Indeed when its first appraiser advised that a report could not be obtained in time for the adjournment hearing, plaintiff fired that appraiser and got another who advised that a timely report could be provided. We note, further, that the assessment at issue is substantial, and the appeal not facially frivolous, given plaintiff's claim that the property had not sold for a market price significantly less than the assessed value. Moreover, Hudson did not involve a dismissal for lack of prosecution under N.J.S.A. 54:51A-1(c)(2) and, thus, loss of Tax Court jurisdiction. When we affirmed the Tax Court's decision on appeal, we did no more than affirm the suppression of the taxpayer's report and testimony of its appraiser.
Under the circumstances here, we are of the view that the Tax Court erred in concluding the discovery infractions below constituted a "failure to prosecute" within the meaning of N.J.S.A. 54:51A-1(c)(2) and in dismissing the de novo Tax Court appeal. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
NOTES
[1] N.J.S.A. 54:51A-1(c) provides:

If the tax court shall determine that the appeal to the county board of taxation has been (1) withdrawn at the hearing, or previously thereto in writing by the appellant or his agent; (2) dismissed because of appellant's failure to prosecute the appeal at the hearing called by the county tax board, (3) settled by mutual consent of the taxpayer and assessor of the taxing district, there shall be no review. This provision shall not preclude a review by the tax court in the event that the appeal was "dismissed without prejudice" by the county board of taxation.
[2] We noted in VSH the practice of County Tax Boards to affirm assessments without prejudice, thus avoiding the loss of a taxpayer's right to a de novo appeal with the Tax Court on the basis of a dismissal for lack of prosecution within the meaning of N.J.S.A. 54:51A-1c(2). See also N.J.S.A. 54:51A-1(c) referring to the practice of entering "dismiss[als] without prejudice" and recognizing that such dismissals do not trigger loss of tax court jurisdiction.