KUSKIN, J.T.C.
In this 1996 local property tax appeal, the defendant Borough of Washington filed a motion to dismiss pursuant to N.J.S.A. 54:51A-1c. which provides:
If the tax court shall determine that the appeal to the county board of taxation . has been ... (2) dismissed because of appellant’s failure to prosecute the appeal at a hearing called by the county tax board .., there shall be no review.
The plaintiff taxpayer filed a Petition of Appeal with the Warren County Board of Taxation contesting the 1996 assessment on the subject property. By notice dated April 18, 1996, the county board scheduled the appeal for hearing on Tuesday, May 14, 1996 at 9:15 a.m. At that time, the attorney for the taxpayer appeared before the county board, having previously engaged an appraiser for the taxpayer. The attorney advised the Board that the appraisal report for the appeal had not been completed and requested either a short adjournment of the hearing date or an affirmance of the assessment without prejudice. Such request for “affirmance without prejudice” was the equivalent of a request for dismissal without prejudice as contemplated by the last sentence of N.J.S.A. 54:51A-1c. The attorney for the taxpayer did not present an appraisal at the May 14 hearing date, nor did the appraiser himself or herself appear to explain the reasons for failure to complete the appraisal report in time for the hearing.
Counsel for the defendant Borough of Washington moved to dismiss the appeal for lack of prosecution pursuant to N.J.A.C. 18:12A-1.9(e) which provides:
A petitioner shall be prepared to prove his case by completion [sic] and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.
The motion to dismiss was also in accordance with the procedure suggested in a memorandum dated May 3, 1996 from the Warren County Board of Taxation to all tax assessors in Warren County. Paragraphs 4 and 5 of this memorandum provide:
4. All appraisals must be submitted to the municipality 7 days prior to the hearing. If your municipal attorney requests that a particular appeal be Dismissed for Lack of Prosecution because the appraisal was late, the Board will *283 Dismiss the appeal Without Prejudice. This will give the taxpayer an opportunity to appeal to the tax court.
5. If an attorney or taxpayer comes before the board with absolutely NO evidence, the municipal attorney should request the appeal be Dismissed for Lack of Prosecution. The Board may reschedule the appeal, if time allows, or they may Dismiss the appeal for Lack of Prosecution.
[ (Emphasis added).]
The Warren County Board of Taxation denied the taxpayer’s request for adjournment or affirmance without prejudice and granted the municipality’s motion to dismiss. On May 14, 1996 the Board issued its judgment under Judgment Code # 40, entitled “Other,” with the explanation “Dismissed for Lack of Prosecution.” The Board apparently elected not to utilize Judgment Code # 2 entitled “Dismissed for Lack of Prosecution” with Code # 2b. being “No Evidence Provided.”
The taxpayer appealed the dismissal to the Tax Court. The Borough, as noted above, now seeks dismissal of the appeal under N.J.S.A. 54:51A-1c.
This is another in a series of cases testing the definition of dismissal “for lack of prosecution” (the terminology used in N.J.A.C. 18:12A-1.9(e)) and dismissal “for failure to prosecute” (the terminology used in N.J.S.A. 54:51A-1c.). In Veeder v. Berkeley Tp., 109 N.J.Super. 540, 264 A.2d 91 (App.Div.1970), the Appellate Division established the following standard to be applied in reviewing a dismissal for lack of prosecution by a county board of taxation:
The dismissal of an appeal for failure to prosecute is a drastic step and ordinarily should not be invoked unless it is clear that the conduct of the offending party is deliberate.
[Id. at 546, 264 A.2d 91.]
In S.A.I.J. Realty, Inc. v. Upper Deerfield Tp., 5 N.J.Tax 292, 298 (Tax 1983), the Tax Court required “deliberate and contemptuous” conduct to justify a dismissal for lack of prosecution.
In Pipquarryco, Inc. v. Hamburg Bor., 15 N.J.Tax 413 (Tax 1996), the Tax Court denied a motion to dismiss under N.J.S.A. 54:51A-1c. where, on the first scheduled hearing date before a county board of taxation, the taxpayer had retained an appraiser, *284 submitted the appraisal, appeared on the hearing date with the appraiser and requested an adjournment so that both the taxpayer and the municipality could prepare properly for the hearing. In so holding, this court noted that, in ruling on a motion to dismiss for lack of prosecution, a county board is “circumscribed by the same obligations to ‘administer justice’ as are applicable to the Tax Court [under Rutherford Realty Assocs. v. Rutherford Bor., 277 N.J.Super. 347, 649 A.2d 898 (App.Div.1994) ], and all doubts should be resolved against dismissal.” Pipquarryco, Inc., supra, 15 N.J.Tax at 418.
By contrast, in Jepson Refrigeration Corp. v. Trenton City, 15 N.J.Tax 467 (Tax 1996), rev’d and remanded, 295 N.J.Super. 492, 685 A.2d 505 (App.Div.1996), the Tax Court granted a motion to dismiss under N.J.S.A. 54:51A-1c. where a county board of taxation had granted the taxpayer a five week adjournment of the first scheduled hearing date, and the taxpayer nevertheless submitted its appraisal report on the adjourned hearing date rather than “one week” in advance as required by the applicable regulation, N.J.A.C. 18:12A-1.9(h). The county board of taxation regarded such conduct as failure to prosecute, and the Tax Court agreed. In West Essex Sav. & Loan Ass’n v. Montville Tp., 16 N.J.Tax 152 (Tax 1996), the Tax Court dismissed an appeal under N.J.S.A. 54:51A-1c.(2), where the taxpayer failed to appear before a county board of taxation after letter requests for an adjournment and an affirmance without prejudice had been denied by the county board.
In Jepson Refrigeration, supra, 295 N.J.Super. 492, 685 A.2d 505, the Appellate Division reversed the Tax Court. This reversal, and the Appellate Division reversal of the Tax Court in VSH Realty, Inc. v. Harding Tp., 291 N.J.Super. 295, 677 A.2d 274 (App.Div.1996), reflect and articulate the Appellate Division’s view that the circumstances under which a dismissal is appropriate under N.J.S.A. 54:51A-1c.(2) are extremely limited.
In VSH Realty, the Appellate Division described the concept of failure to prosecute under N.J.S.A. 54:51A-1c.(2) as having the *285 same meaning as the concept of lack of prosecution under N.J.A.C. 18:12A-1.9(e).
When the Legislature enacted [N.J.S.A. 54:51A-1c.], N.J.A.C. 18:12A-1.9(e) was in existence. We presume that the Legislature was aware of the regulation and aware of the reference to failure to appear in the context of a dismissal for lack of prosecution. It might, then, be suggested that when considering what type of conduct at the county board level should reasonably preclude a de novo review by the Tax Court, the Legislature equated a failure to appear with a withdrawal of an appeal or settlement as such conduct.
[VSH Realty, supra, 291 N.J.Super, at 300, 677 A.2d 274.]
In addition, the VSH Realty court noted (as did Veeder, supra and S.A.I.J. Realty, supra,) that “a narrow scope of what may form a basis for a dismissal for lack of prosecution is entirely consistent with our view that dismissals of actions in general is a drastic remedy. Normally, such dismissals should not be invoked in the absence of prejudice and unless the plaintiffs behavior is deliberate and contumacious.” VSH Realty, supra, 291 N.J.Super. at 300, 677 A.2d 274 (citations omitted).
In Jepson Refrigeration, the hearing before the county board of taxation was adjourned from the initially scheduled date of July 25, 1995 to August 29, 1995. The jurisdiction of the county board of taxation ended on September 15,1995, pursuant to an extension of the time period for hearing of appeals granted by the Tax Court pursuant to N.J.S.A. 54:3-26.1. Jepson Refrigeration, supra, 15 N.J.Tax at 469. In reversing the Tax Court’s dismissal under N.J.S.A. 54:51A-1c.(2), the Appellate Division referred to its decision in VSH Realty where it “noted ... the practice of County Tax Boards to affirm assessments without prejudice, thus avoiding the loss of a taxpayer’s right to a de novo appeal with the Tax Court on the basis of a dismissal for lack of prosecution within the meaning of N.J.S.A. 54:51A-1(c)(2).” Jepson Refrigeration, supra, 295 N.J.Super. at 494 n. 2, 685 A.2d 505. The court further described the factual situation before it as follows:
There is no suggestion in the record before us, nor was there before the Tax Court, that the taxpayer had no intention of presenting its evidence before the Board and that the untimely receipt of the report was designed to thwart or avoid the County Tax Board’s review of the appeal.
As we noted in VSH, we understand the Tax Court’s desire that County Tax Board appeals be meaningful, and we recognize the Tax Court’s discretion to *286 determine whether a dismissal of an appeal at the County Tax Board level was for lack of prosecution. We also appreciate the time restrictions the County Tax Boards face in disposing of each year’s tax appeals. However, we continue to be of the view that N.J.S.A. 54:51 A — 1 (c)(2) was intended by the Legislature to be narrow in scope.
[Id. at 495, 685 A.2d 505 (citation omitted).]
Finally, the Appellate Division quoted the language from the VSH Realty decision describing dismissal as “a drastic remedy” to be invoked only when “the plaintiff’s behavior is deliberate and contumacious.” Jepson Refrigeration, supra, 295 N.J.Super. at 496, 685 A.2d 505. After finding that there was no prejudice asserted in the matter before it, the Appellate Division reversed the Tax Court’s dismissal.
In the subject appeal, the attorney for the taxpayer appeared before the Warren County Board of Taxation on the scheduled hearing date, requested an adjournment or an affirmance without prejudice, but presented neither testimonial evidence nor an appraisal. The county board did, however, have ample time to adjourn the hearing date. Its jurisdiction under N.J.S.A. 54:3-26 did not expire until July 1,1996, approximately six weeks after the May 14, 1996 hearing date for the three appeals. This was a far lesser time constraint than was present in the Jepson Refrigeration matter where the Appellate Division nevertheless held that a dismissal for lack of prosecution was inappropriate. As in Jepson Refrigeration, there is here no indication of any prejudice to the municipality which would have resulted from an adjournment, and the facts before me indicate that the taxpayer had retained an appraiser and would have been prepared to proceed on an adjourned hearing date.
In its memorandum to assessors, the Warren County Board of Taxation set forth its discretion to reschedule an appeal, “if time allows,” where there is an appearance by a taxpayer who presents no evidence. Here, time did allow a rescheduling without any prejudice to the defendant municipality. Under the approach to dismissal for failure to prosecute under N.J.S.A. 54:51A-1c.(2) set forth by the Appellate Division in VSH Realty and Jepson Refrigeration, defendant’s motion must be denied. Dismissal for lack of *287 prosecution was not warranted under N.J.A.C. 18:12A-1.9(e), and, consequently, dismissal is not warranted under N.J.S.A. 54:51A-1c.(2).