NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



KATHI F. FIAMINGO
JUDGE

120 High Street
Mount Holly, NJ 08060
(609) 288-9500 EXT 38303

October 16, 2020

Martin J. Buckley, Esq.
Dasti, Murphy, McGuckin, Ulaky
Koutsouris & Connors
506 Hooper Avenue
Toms River, New Jersey 08753

Joseph E. Bock, Jr., Esq.
Spiotti & Associates, P.C.
271 U.S. Highway 46
Fairfield, New Jersey 07004

> Re: Jankovich v. Point Pleasant Borough
> Docket Nos. 010619-2020

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss for failure to prosecute. As discussed more fully below the court denies defendant's motion.

## I. Statement of Facts and Procedural History

Plaintiff filed an appeal of the 2020 tax year assessment with the Ocean County Board of Tax Appeals ("County Board") and was informed that a hearing would be held on July 16, 2020. The County Board's offices are located in Toms River, New Jersey. Counsel for plaintiff received notices for hearings of appeals in several Ocean County municipalities for July 14, 15 and 16, 2020, including Beach Haven Borough, Plumsted Township, Point Pleasant Beach, South Toms River Borough, Lakehurst Borough, Long Beach Township, Ocean Township, Stafford Township and Jackson Township, all of which were scheduled to be heard in Toms River, N.J. On July 16,






*

2020 counsel appeared for hearings on properties located in Jackson Township at the Toms River location and expected that the appeal of the subject property would also be held at the same location. Counsel learned at the conclusion of the Jackson Township appeals that the appeals for properties located in Point Pleasant Borough were being heard by the County Board at a location in Brick Township. Upon receiving this information, counsel had his office call the County Board and inform them that he was traveling to Brick Township from the Toms River County Board appeal location.

Counsel arrived at the Brick Township location at approximately 9:45 a.m. after the appeals for Point Pleasant Borough had been concluded but while the County Board Commissioner was hearing appeals for other municipalities. Counsel requested and was permitted to place his appearance on the record, as well as the fact that he had intended to present evidence in the appeal of the instant matter. Counsel had previously provided that with evidence to the County Board representatives as required. Nonetheless a judgment dismissing the appeal in this matter for failure to prosecute was issued on July 27, 2020.

Plaintiff filed the within appeal on September 10, 2020. Defendant filed the instant motion to dismiss for failure to prosecute at the County Board on September 30, 2020 which plaintiff opposes.

II.    Conclusions of Law

N.J.S.A. 54-51A-1(a) provides, in part, that "any party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action or determination in the Tax Court, pursuant to rules of court." However, where Tax Court determines that the dismissal was as a result of the taxpayer's failure to prosecute the appeal before the County Board, there is no review. N.J.S.A. 54:51A-1(c)(2). See also N.J.A.C.

2

18:12A-1.9 ("A petitioner shall be prepared to prove his case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.") Typically, a failure to appear in the context of a dismissal for lack of prosecution precludes a de novo review by the Tax Court. VSH Realty, Inc. v. Harding Tp., 291 N.J. Super. 295, 300 (App. Div. 1996). Thus, if sustained by the Tax Court, the dismissal of an appeal by a county board of taxation resulting from the failure to prosecute will terminate the taxpayer's right to appeal the assessment for the tax year in question, without a hearing. Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J. Tax 413, 418 (Tax 1996).

In evaluating a motion to dismiss under the standards of N.J.S.A. 54:51A-1(c)(2), the Tax Court must ascertain whether the taxpayer's failure to prosecute before the county board fell within the intendment of the statute. Veeder v. Township of Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970). The motion to dismiss should be granted sparingly and only in the most egregious circumstances. Wilshire Oil Co. of Texas v. Township of Jefferson, 17 N.J. Tax 583, 585 (Tax 1998). A dismissal pursuant to this statute should be circumscribed by the same obligations to administer justice as are applicable to the Tax Court, and all doubts should be resolved against dismissal. Ibid. The "administration of the court's calendar with blind rigidity cannot take priority over a party's…right to contest its assessment." VSH Realty, Inc. v. Township of Harding, 291 N.J. Super. 295, 301 (App. Div. 1996) (citation omitted). Dismissal of an action is a drastic remedy and should not be invoked "unless the plaintiff's behavior is deliberate and contumacious." Id. at 300.

Here the uncontroverted certification of plaintiff's counsel demonstrates that at best counsel erred in believing that the hearing on the within appeal would be heard in the same location

as appeals he had attended for eight other municipalities on the prior two days of County Board appeals. Furthermore, counsel certifies that he attended hearings at that same location for yet another municipality on the day the hearing in this matter was scheduled. Moreover, upon learning of his error he contacted the County Board to advise them he would be there shortly, only to learn on his arrival some 45 minutes after the scheduled hearing time, that the appeal had been dismissed due to his lateness.

Our courts have consistently recognized that dismissal of a cause of action based on a strict adherence to calendar practice violates the equitable principles of our system of justice. As Judge Kuskin expressed, "calendar control cannot take precedence over principles of fundamental fairness. The court system exists to administer justice, not merely to satisfy the court's desire to dispose of cases on its calendar. Courts exist to serve the public through counsel, not vice versa." Pipquarryco, Inc. v. Hamburg Borough, 15 N.J. Tax at 417 (citing Rutherford Realty Assoc. v. Borough of Rutherford, 277 N.J. Super. 347 (App. Div. 1994)). "Where, on or before the scheduled hearing date, a taxpayer communicates to the county board the taxpayer's desire to prosecute an appeal and provides reasonable indicia that the taxpayer will, on a later date, be prepared to proceed in a 'meaningful manner', the taxpayer's conduct should not be regarded as either 'deliberate' or 'contemptuous', and the county board should not dismiss the appeal for failure to prosecute." Id. at 419.

"[T]he drastic step of dismissal should not be invoked unless it is clear that the conduct of the offending party is deliberate." Rutherford Realty Assoc. v. Borough of Rutherford, 277 N.J. Super. at 353.; (See Jepson Refrigeration Corp. v. City of Trenton, 295 N.J. Super. 492, 496 (App. Div. 1996)). "Not only are procedural dismissals, with prejudice, generally unwarranted…but

procedural dismissals themselves are not favored." Id. at 352-353 (quoting Connors v. Sexton Studios, Inc., 270 N.J. Super. 390 (App. Div. 1994)).

Counsel certifies, and there is no evidence to the contrary that he was prepared to proceed with evidence to contest the appeal and would have done so if permitted by the Commissioner[1]. Further, counsel demonstrates to the satisfaction of the court, his lateness in appearing at the time, date and location of the hearing at the County Board was not deliberate or contumacious and was in fact an understandable error given the circumstances.

III,.     Conclusion

For the reasons set forth above, the court denies defendant's motion to dismiss plaintiff's complaint.

Very truly yours,

/s/  Kathi F. Fiamingo

Kathi F. Fiamingo, J.T.C.

---

[1] At oral argument defendant argued that had plaintiff presented its evidence the appeal would have been dismissed for failure to present adequate evidence, 5B. However that is not what occurred. Counsel for plaintiff was not permitted to present any evidence, and the appeal was dismissed for lack of prosecution. The court therefore rejects counsel's argument that the evidence presented would not have been sufficient as that was not the basis for the County Board's determination in this matter.