NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

# TAX COURT OF NEW JERSEY



**KATHI F. FIAMINGO**
JUDGE

**120 High Street**
**Mount Holly, NJ 08060**
**(609) 288-9500 EXT 38303**

March 9, 2021

Merrick Wilson
1332 Moon Dr
Yardley, PA 19067

Via eCourts
Gregory J. Hazley, Esq.
DeCotiis, FitzPatrick, Cole & Giblin, LLP

Re:   Merrick Wilson v. Township of Montgomery
      Docket No. 012811-2020

Dear Counsel:

This letter constitutes the court's opinion with respect to defendant's motion to dismiss for failure to prosecute. As discussed more fully below the court grants defendant's motion.

## I.   Statement of Facts and Procedural History

Merrick Wilson ("plaintiff") filed an appeal of the 2020 tax year assessment with the Somerset County Board of Tax Appeals ("County Board") for property located at Spring Hill Rd, Montgomery, New Jersey, also being Lot 59.02 in Block 11001, on December 2, 2019. The County Board scheduled plaintiff's appeal for a September 14, 2020 hearing date and mailed a notice to plaintiff notifying him of the hearing.

On the hearing date, plaintiff failed to appear. On October 13, 2020 the County Board issued a memorandum of judgment dismissing plaintiff's appeal with prejudice for lack of prosecution. The County Board's memorandum of judgment was mailed on October 14, 2020.






Plaintiff filed the within appeal on November 29, 2020. Defendant filed the instant motion to dismiss for failure to prosecute at the County Board on January 11, 2021 which plaintiff opposes.

II.      Conclusions of Law

N.J.S.A. 54-51A-1(a) provides, in part, that "any party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action or determination in the Tax Court, pursuant to rules of court." However, where the Tax Court determines that the dismissal was as a result of the taxpayer's failure to prosecute the appeal before the County Board, there is no review. N.J.S.A. 54:51A-1(c)(2). See also N.J.A.C. 18:12A-1.9 ("A petitioner shall be prepared to prove his case by complete and competent evidence. In the absence of some evidence, the board may dismiss the petition. In the case of failure to appear, the board may dismiss the petition for lack of prosecution.")

Typically, a failure to appear in the context of a dismissal for lack of prosecution precludes a de novo review by the Tax Court. VSH Realty, Inc. v. Harding Tp., 291 N.J. Super. 295, 300 (App. Div. 1996). Similarly, "[w]here … there is an appearance but no evidence, … that is the same as not appearing at all and may properly form a basis for a dismissal under N.J.S.A. 54:51A-1c(2)." Id. at 301-2. Thus, if sustained by the Tax Court, the dismissal of an appeal by a county board of taxation resulting from the failure to prosecute will terminate the taxpayer's right to appeal the assessment for the tax year in question, without a hearing. Pipquarryco, Inc. v. Borough of Hamburg, 15 N.J. Tax 413, 418 (Tax 1996).

In evaluating a motion to dismiss under the standards of N.J.S.A. 54:51A-1(c)(2), the Tax Court must ascertain whether the taxpayer's failure to prosecute before the county board fell within the intendment of the statute. Veeder v. Township of Berkeley, 109 N.J. Super. 540, 545 (App. Div. 1970). The motion to dismiss should be granted sparingly and only in the most egregious

circumstances. <u>Wilshire Oil Co. of Texas v. Township of Jefferson</u>, 17 N.J. Tax 583, 585 (Tax 1998). A dismissal pursuant to this statute should be circumscribed by the same obligations to administer justice as are applicable to the Tax Court, and all doubts should be resolved against dismissal. <u>Ibid.</u> The "administration of the court's calendar with blind rigidity cannot take priority over a party's…right to contest its assessment." <u>VSH Realty, Inc. v. Township of Harding</u>, 291 N.J. Super. at 301 (citation omitted). Dismissal of an action is a drastic remedy and should not be invoked "unless the plaintiff's behavior is deliberate and contumacious." <u>Id.</u> at 300.

Here, plaintiff does not dispute that he failed to appear at the hearing. Plaintiff instead relies on his understanding that the New Jersey Courts and County Offices were closed to all public meetings due to the ongoing COVID-19 Pandemic that the hearing was not to be conducted in person. Plaintiff asserts that the County Board made no attempt to schedule a remote hearing while the risks of the COVID-19 pandemic was ongoing. However, at no time did plaintiff request such a remote hearing. Nor did plaintiff contact the County Board at any time to protest the requirement of an in-person hearing. Indeed, plaintiff does not indicate that he made any attempt whatsoever to contact the County Board with respect to the hearing, or his concerns about appearing in person. He simply failed to appear and failed to provide any reason for that failure until the present motion.

Under the circumstances presented here the court finds that plaintiff's failure to appear was deliberate and contumacious. It is undisputed that plaintiff was aware of the scheduled hearing; that he didn't appear; and that he made no attempt to contact the County Board before or after the hearing to explain his situation or to seek a remote hearing.[1] Plaintiff has provided no explanation to this court for his failure to contact the County Board and merely asserts that the County Board

---

[1] Defendant asserts that taxpayers requesting virtual or remote hearings during the time in question were accommodated by the County Board.

3

was at fault for failing to schedule remote hearings. Yet, at no time does plaintiff indicate he made his concerns known to the County Board. Accordingly, plaintiff's complaint was properly dismissed by the County Board for failure to appear and should be dismissed now for lack of prosecution at the County Board.

III.  Conclusion

For the reasons set forth above, the court grants defendant's motion to dismiss plaintiff's complaint.

Very truly yours,

Kathi F. Fiamingo, J.T.C.