**TAX COURT OF NEW JERSEY**



**JOSHUA D. NOVIN**
**Judge**

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54680

**NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS**

August 15, 2025

Ms. Roseann Lee
Mr. Charles M. Lee, III
17 Morrison Street
Closter, New Jersey 07624

Joann Riccardi Schuman, Esq.
Huntington Bailey, L.L.P.
373 Kinderkamack Road
Westwood, New Jersey 07675

> Re:   Lee, Roseann & Lee, Charles, M. v. Closter Borough
>        Docket No. 008228-2025

Dear Ms. Lee, Mr. Lee, and Ms. Schuman:

This letter shall constitute the court's opinion on defendant, Closter Borough's motion for summary judgment, seeking entry of an order dismissing plaintiffs' complaint with prejudice for failure to file a timely tax appeal, under N.J.S.A. 54:3-21, and to bar plaintiffs' complaint under the doctrines of res judicata and collateral estoppel.

For the reasons explained below, the court grants defendant's motion and dismisses plaintiffs' complaint with prejudice.

## I.    Procedural History and Factual Findings

On or about April 7, 2025, plaintiffs, Roseann Lee and Charles M. Lee ("plaintiffs"), filed a Petition of Appeal with the Bergen County Board of Taxation challenging the 2024 local property tax assessment (the "Petition of Appeal"), on property commonly known as 17 Morrison Street, Closter Borough, Bergen County, New Jersey (the "subject property"). The subject property is identified on the municipal tax map of Closter Borough ("defendant") as block 901, lot 20.






On May 7, 2025, the Bergen County Board of Taxation issued a Memorandum of Judgment bearing Judgment Code "5E" stating, "[a]ppeal not timely filed" (the "Judgment"). The Judgment's explanation further recites, "[a]ppeal for T[ax] Y[ear] 2024 was filed on 4/7/2025, deadline was 5/1/2024[.] B[ergen] C[ounty] T[ax] B[oard] no longer has jurisdiction to hear 2024 cases."

By cover letter dated May 9, 2025, the Bergen County Board of Taxation forwarded plaintiffs the Judgment and returned their $100.00 filing fee. The Bergen County Board of Taxation's letter further explained that:

> The rules for County Boards of Taxation are as follows:
>
> Appeals; late filings
> Where a petition of appeal to a county Board of Taxation is received by the Board after April 1* of the tax year . . . Or May 1st for a Revalued or Reassessed District, then . . . the County Board of Taxation or the County Tax Administrator . . . shall not accept said petition of appeal for filing but shall forthwith return the same to the person filing it, together with the filing fee . . . The petition to be returned shall have endorsed the date of receipt and statement 'Petition is returned by reason of late filing and shall be accompanied by a judgment of dismissal by the County Board of Taxation for late filing.'

On June 9, 2025, plaintiffs filed a complaint with the Tax Court challenging the Judgment. The Case Information Statement accompanying plaintiffs' complaint recites that plaintiffs are the owners of the subject property, and that plaintiffs "[a]ppeal from County Tax Board Judgment" for the "2024" Assessment Year.

On June 12, 2025, plaintiffs uploaded to the eCourts case jacket a copy of the Judgment and a copy of the Stipulation of Settlement filed under docket 009495-2023.

By letter to plaintiffs dated June 11, 2025, defendant's counsel stated:

   

> [t]oday we received your Complaint appealing the 2024 assessment on your property located at 17 Morrison Street. To avoid [m]otion practice, we ask that you withdraw your Complaint pursuant to N.J.S.A. 54:3-21 . . . In other words, your appeal of your 2024 Assessment had to be filed on or before May 1, 2024 . . . This correspondence is our Notice to you that your Complaint has been filed in violation of Court Rules. . . . We ask, therefore, that you withdraw the above captioned Complaint. Failure to do so within the next seven (7) days will result in [m]otion practice in which the Borough intends to request payment of its fees in this matter.

On June 19, 2025, the defendant filed the instant motion for summary judgment.[1] Defendant argues that statutory jurisdictional deadlines are not subject to relaxation. Here, the defendant emphasizes that plaintiffs filed their 2024 tax year Petition of Appeal on April 7, 2025, approximately eleven months after the May 1, 2024 deadline. Because neither the Bergen County Board of Taxation nor the Tax Court can extend the statutorily imposed deadline under N.J.S.A. 54:3-21, summary judgment must be granted dismissing plaintiffs' complaint with prejudice.

On June 22, 2025, plaintiffs filed opposition to the summary judgment motion. Plaintiffs assert that defendant's motion must be denied because genuine issues of material fact exist. First, plaintiffs assert that "[t]he appeal [to the Tax Court] was properly filed within the 45-day statutory window, measured from May 13, 2025." Next, plaintiffs contend that they were "confus[ed] regarding [the] deadlines [that] arose from a hearing in the prior tax year. Such confusion constitutes excusable neglect, a recognized basis for relief by New Jersey courts when no prejudice to the opposing party exists." Lastly, plaintiffs repeat allegations that were raised by plaintiffs in

---

[1] On June 23, 2025, the court issued a Clerk's Notice stating "that pursuant to R. 4:46-1, the court cannot review defendant's motion for summary judgment until July 15, 2025[,] which is the expiration of the thirty-five days from the date plaintiff filed their June 9, 2025 complaint. Thus, defendant's motion will be returnable on the court's August 15, 2025 motion calendar. Plaintiff's opposition is due on August 5, 2025."






motions previously addressed by this court, namely that defendant "refused to apply the Freeze Act and perpetuated an inequitable 2023 settlement."

On June 23, 2025, defendant submitted a reply to plaintiffs' opposition.[2] Defendant submits that there "simply is no confusion" by the plaintiffs. The statutory deadlines memorialized under N.J.S.A. 54:3-21 are clear and unambiguous. Moreover, plaintiffs were aware of these statutory deadlines when they instituted their 2023 tax appeal for the subject property. Finally, defendant argues that there is "no [genuine issue of material fact in] dispute . . . that [plaintiffs] filed [the] Bergen County Board of Taxation . . . Petition to appeal [the] 2024 Assessment in April 2025, approximately eleven months after the statutory deadline." Thus, because "the statutory time periods to file a tax appeal cannot be extended by the Tax Court . . . the Tax Court does not have jurisdiction to hear it."

## II. Conclusions of Law

### A. Summary Judgment

Summary judgment "'serve[s] two competing jurisprudential philosophies': first, 'the desire to afford every litigant who has a <u>bona fide</u> cause of action or defense the opportunity to fully expose his case,' and second, to guard 'against groundless claims and frivolous defenses,' thus saving the resources of the parties and the court." <u>Globe Motor Co. v. Igdalev</u>, 225 N.J. 469, 479 (2016) (quoting <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 541-42 (1995)).

<u>R.</u> 4:46-2 outlines the circumstances under which summary judgment should be granted:

---

[2] On June 24, 2025, plaintiffs submitted a response to defendant's reply. In addition, on August 1, 2025 and August 4, 2025, plaintiffs filed further communications with the court asserting that during a case management conference on the record involving docket number 009495-2023, certain statements were made by defendant's counsel regarding Freeze Act applications stemming from the 2023 tax year. As the instant motion involves consideration of the timeliness of plaintiffs 2024 local property tax appeal, the court will not address plaintiffs' irrelevant assertions.






> if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.

> [R. 4:46-2.]

In Brill, our Supreme Court explained that "the essence of the inquiry [is] whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." 142 N.J. at 536 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In conducting this inquiry, the trial court must engage in a "kind of weighing that involves a type of evaluation, analysis and sifting of evidential materials." Ibid. The standard established by our Supreme Court in Brill is as follows:

> when deciding a motion for summary judgment under R. 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential material presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party.

> [Id. at 536.]

In considering the material evidence before it with which to determine if there is a genuine issue of material fact, the court must view most favorably those items presented to it by the party opposing the motion and all doubts are to be resolved against the movant. Ruvolo v. American Casualty Co., 39 N.J. 490, 491 (1963). A court charged with "deciding a summary judgment motion does not draw inferences from the factual record as does the factfinder in a trial, . . . [i]nstead, the motion court draws all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co., 225 N.J. at 480 (internal citations omitted). Thus, the moving






party bears the burden "to exclude any reasonable doubt as to the existence of any genuine issue of material fact" with respect to the claims being asserted. United Advertising Corp. v. Borough of Metuchen, 35 N.J. 193, 196 (1961).

"By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where a party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Brill, 142 N.J. at 529. However, when the party opposing the motion merely presents "facts which are immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious," then an otherwise meritorious application for summary judgment should not be defeated. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 75 (1954). Hence, "when the evidence is so one-sided that one party must prevail as a matter of law . . . the trial court should not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (quoting Liberty Lobby, Inc., 477 U.S. at 252).

Having reviewed the pleadings, briefs, and undisputed statements of material facts, the court concludes that no genuine issues of material fact are in dispute. Rather, this matter involves an application of law to the undisputed material facts contained in the motion record, and thus, is ripe for summary judgment.

        B.    Jurisdiction

The court's analysis begins with a principle that is axiomatic, the Tax Court is a court of limited jurisdiction. N.J.S.A. 2B:13-2. As our Supreme Court has observed, the narrow jurisdiction of the Tax Court is "defined by statute . . . It is against this comprehensive mosaic of procedural safeguards -- one with which continuing strict and unerring compliance must be observed." McMahon v. City of Newark, 195 N.J. 526, 529 (2008). The statutory jurisdiction conferred on the court is expressed, in part, as the authority "to review actions or regulations with






respect to a tax matter of . . . (2) [a] county board of taxation; (3) [a] county or municipal official." N.J.S.A. 2B:13-2. Thus, the court's "jurisdiction is constrained by the language of its enabling statutes." Prime Accounting Dep't v. Twp. of Carney's Point, 212 N.J. 493, 505 (2013).

A condition precedent to conferring jurisdiction on the Tax Court is an unerring compliance with filing deadlines. As our Supreme Court has expressed, the "failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424-25 (1985). Taxpayers are required to "file timely . . . appeals and that they are barred from relief if they fail to do so." Hackensack City v. Bergen County, 24 N.J. Tax 390, 401 (App. Div. 2009) (quoting Horrobin v. Dir., Div. of Taxation, 1 N.J. Tax 213, 216 (Tax 1979)). See also Mayfair Holding Corp. v. North Bergen Twp., 4 N.J. Tax 38, 41 (Tax 1982).

A "strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government." F.M.C. Stores Co., 100 N.J. at 424-25 (citing Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961). This is true even in circumstances when there is an absence of harm to the taxing district. Lawrenceville Garden Apt. v. Twp. of Lawrence, 14 N.J. Tax 285 (App. Div. 1994). Hence, a petition of appeal filed after the statutory deadline will result in dismissal of the appeal.

N.J.S.A. 54:3-21 prescribes the procedure that a taxpayer or taxing district must follow when it believes that it is "aggrieved by the assessed valuation of property, or discriminated against by the assessed valuation of other property." F.M.C. Stores Co., 100 N.J. at 423. N.J.S.A. 54:3-21(a), provides, in relevant part, that:

> a taxpayer feeling aggrieved by the assessed valuation . . . of the taxpayer's property or a taxing district which may feel discriminated against by the assessed valuation . . . of property in the taxing district . . . , may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing


Interpreter


ADA
Americans with Disabilities Act


ENSURING AN OPEN DOOR TO JUSTICE



district, whichever is later, appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before April 1, or 45 days from the date the bulk mailing of notification of assessment is completed in the taxing district, whichever is later, file a complaint directly with the Tax Court, if the assessed valuation of the property subject to the appeal exceeds $1,000,000. In a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented, a taxpayer or a taxing district may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the State Tax Court. . . .

[N.J.S.A. 54:3-21.]

Thus, a fundamental predicate to challenging the assessed value of property requires the aggrieved party to file a petition of appeal with the county board of taxation, on or before May 1st for a taxing district where a municipal-wide revaluation or municipal-wide reassessment has been implemented. N.J.S.A. 54:3-21(a). Moreover, our State's regulations provide that when a tax appeal petition is "actually received by the board [of taxation] after April 1 [or May 1] of the tax year," the board "shall not accept said petition or cross-petition of appeal for filing but shall forthwith return the same to the person filing it." N.J.A.C. 18:12A-1.20(a).

Additionally, if the aggrieved taxpayer is "dissatisfied with the judgment, action or determination of the county board of taxation [it] may seek review of that judgment, action or determination in the Tax Court, pursuant to rules of court." N.J.S.A. 54:51A-1.[3] However, vital

---

[3] Implicit under N.J.S.A. 54:51A-1 is the Tax Court's authority to conduct a de novo review of a county board of taxation's judgment rejecting an appeal application or dismissing an action for failure to prosecute. See Veeder v. Berkeley Township, 109 N.J. Super. 540 (App. Div. 1970); S.A.I.J. Realty v. Upper Deerfield Twp., 5 N.J. Tax 292 (Tax 1983); Ganifas Trust v. City of Wildwood, 15 N.J. Tax 722, 728-29 (App. Div. 1996); VSH Realty, Inc. v. Twp. of Harding, 291 N.J. Super. 295 (App. Div. 1996); Pipquarryco, Inc. v. Hamburg Borough, 15 N.J. Tax 413 (Tax 1996); ARP Realty Associates v. Washington Borough, 16 N.J. Tax 281 (Tax 1997); Wilshire Oil Co. of Texas v. Twp. of Jefferson, 17 N.J. Tax 583 (Tax 1998).






to the taxpayer's right to seek further review before the Tax Court is the taxpayer having timely exercised its statutory right to pursue an appeal within the framework set forth under N.J.S.A. 54:3-21(a). The "timeliness of a tax appeal is critical." Prime Accounting Dep't, 212 N.J. at 507. Thus, the failure of a taxpayer to timely pursue an appeal before a county board of taxation, under N.J.S.A. 54:3-21(a), will deprive the Tax Court of jurisdiction to hear any appeal stemming from the board of taxation's decision.

Importantly, "[c]ompliance with this statutory filing requirement is an unqualified jurisdictional requirement. The failure to file a timely appeal is a fatal jurisdictional defect," requiring dismissal of a complaint. Lamantia v. Howell Twp., 12 N.J. Tax 347, 351 (Tax 1992); see also Regent Care Ctr. v. City of Hackensack, 18 N.J. Tax 320, 324 (Tax 1999). Accordingly, when a taxpayer has failed to timely file a petition of appeal, the "county tax board . . . is without jurisdiction to grant the review sought." Danis v. Middlesex County Board of Taxation, 113 N.J. Super. 6, 10 (App. Div. 1971).

The court's strict adherence to procedural requirements is fashioned to serve the underlying policy goals of accurate municipal budgeting. In the area of taxation "statutes of limitation and limitation periods play a vital role. Legislative policy has consistently followed the salutary principle that proceedings concerning tax assessments and governmental fiscal matters be brought expeditiously within established time periods." L.S. Village, Inc. v. Lawrence Twp., 8 N.J. Tax 287 (Law Div. 1985), aff'd, 8 N.J. Tax 327 (App. Div. 1986). "By incorporating a strict deadline in N.J.S.A. 54:3-21, the Legislature intended to ensure that municipalities receive timely notice that a particular property's valuation is subject to challenge." Prime Accounting Dep't, 212 N.J. at 508. Thus, the statutorily defined "deadlines are 'substantive' or 'jurisdictional' . . . and the






courts are without authority to extend such deadlines established by the Legislature." Hackensack City, 24 N.J. Tax at 401.

Here, it is undisputed that on April 7, 2025, plaintiffs untimely filed their Petition of Appeal challenging the subject property's 2024 tax year assessment with the Bergen County Board of Taxation. Plaintiffs' contend that such failure "constitutes excusable neglect" due to their "confusion regarding deadlines" arising "from a hearing in the prior tax year."

However, plaintiffs have offered no legal authority that would permit the court to extend the statutory jurisdictional deadlines imposed under N.J.S.A. 54:3-21(a). As stated above, our state's jurisprudence has consistently followed the salutary principle that "[c]ompliance with statutory filing requirements is an unqualified jurisdictional imperative." Mayfair Holding Corp., 4 N.J. Tax at 40 (citing Newark v. Fisher, 3 N.J. 488 (1950); Suburban Dep't Stores v. East Orange, 47 N.J. Super. 472 (App. Div. 1957); Danis, 113 N.J. Super. 6; Prospect Hill Apts. v. Flemington, 1 N.J. Tax 224 (Tax 1979); Cherry Hill Twp. v. U.S. Life Ins. Co. of N.Y., 1 N.J. Tax 236 (Tax 1980)). Accordingly, the failure of a taxpayer to file a timely appeal amounts to "a fatal jurisdictional defect." Clairol v. Kingsley, 109 N.J. Super. 22 (App. Div.), aff'd, 57 N.J. 199 (1970).

Here, plaintiffs' Petition of Appeal was filed with the Bergen County Board of Taxation approximately eleven (11) months beyond the May 1st statutorily prescribed date for filing a tax appeal under N.J.S.A. 54:3-21(a). Thus, the "jurisdictional bar is absolute," and the Bergen County Board of Taxation properly concluded that they were without jurisdiction to accept plaintiffs appeal under N.J.A.C. 18:12A-1.20(a). Mayfair Holding Corp., 4 N.J. Tax at 40. Therefore, the court finds that no statutory or legal basis exists for extending the strictly construed limitations period under N.J.S.A. 54:3-21(a).






### III.  Conclusion

For the above stated reasons, the court grants defendant's motion for summary judgment dismissing plaintiffs' complaint with prejudice.[4]

Very truly yours,


Hon. Joshua D. Novin, J.T.C.

---

[4] Inasmuch as the court finds that it is without subject matter jurisdiction to entertain plaintiffs 2024 tax appeal, the court declines to address defendant's arguments seeking to bar plaintiffs' complaint under the doctrines of res judicata and collateral estoppel.

